JEWEL ANN STEVENSON *v.* STATE
OF MARYLAND

[No. 96, September Term, 1977.]

*Decided October 19, 1977.*

The cause was argued before GILBERT, C. J., and MORTON
and LOWE, JJ.

*Gerald A. Kroop* for appellant.

*Deborah K. Handel, Assistant Attorney General,* with
whom were *Francis B. Burch, Attorney General, Leroy
Handwerger, Assistant Attorney General, William A.
Swisher, State's Attorney for Baltimore City,* and *John
Acton, Assistant State's Attorney for Baltimore City,* on the
brief, for appellee.

GILBERT, C. J., delivered the opinion of the Court.

The right to trial by jury and the concomitant right to plead not guilty, thus requiring the State to prove guilt beyond a reasonable doubt, are so fundamentally ingrained in our law as not to require support by citation of authority. Not quite so well established, but recognized as a basic principle, is the opportunity for an accused to plead guilty. Such a plea is, as we have indicated, an opportunity, not a right. Indeed, the court may refuse to accept a plea of guilty, enter a plea of not guilty, and direct the question of guilt *vel non* to be adjudicated. Md. Rule 731 c.[1] Furthermore, the court is empowered, "when justice requires," to strike a guilty plea anytime before sentencing, Rule 731 f1, and under certain conditions, within three (3) days after sentence. Rule 731 f2.[2]

Ordinarily, when a plea of guilty is tendered and accepted,[3] the case proceeds on a statement of fact, which, so long as the dictates of *Boykin v. Alabama*, 395 U. S. 238, 89 S. Ct. 1709, 23 L.Ed.2d 274 (1969); *Davis v. State*, 278 Md. 103, 361 A. 2d 113 (1976); and *Miller v. State*, 32 Md. App. 482, 361 A. 2d 152 (1976) are satiated, is legally sufficient.

There is, however, a new specie of plea that the prosecution and the criminal defense bar have been utilizing with growing frequency. We refer to the "plea of not guilty upon an agreed statement of fact." That hybrid of a plea finds no express support in the Rules relative to Criminal Causes, ch. 700.[4]

---

1. At the time of the happening of the events leading to this appeal, guilty pleas were controlled by then Md. Rule 721. The Rules relating to Criminal Causes, ch. 700 were amended by order of the Court of Appeals on January 31, 1977, effective July 1, 1977. New Rule 731 c provides:

"The court may not accept a plea of guilty without first questioning the defendant on the record to determine that the plea is made voluntarily, with understanding of the nature of the charge and the consequences of the plea. The court may accept the plea of guilty even though the defendant does not admit that he is in fact guilty if the court is satisfied that there is a factual basis for the plea. If the court refuses to accept a plea of guilty, the court shall enter a plea of not guilty."

2. Rules 731 f1 and 731 f2 embellish former Rule 722.

3. Rule 731 c.

4. Rule 731 a provides that, "[a] defendant may plead not guilty, guilty, or, with the consent of the court, *nolo contendere*. In addition to any of

This appeal seeks to raise the question of whether the trial judge must accept such a plea.[5] The posture of the case as it reaches us, however, precludes our undertaking to answer that cryptogenic quandary. We now explain why we are so estopped.

Jewel Ann Stevenson, appellant, was charged on two (2) indictments with receiving stolen goods and forgery. She initially sought to enter a plea of not guilty and to submit the issue on an agreed statement of fact to Judge John R. Hargrove in the Criminal Court of Baltimore. Judge Hargrove refused to hear the case in that manner. Appellant's attorney protested the trial judge's declination to proceed on the proposed basis, questioned the possibility of an immediate appeal, but ultimately pled his client guilty to the first counts of each indictment. Judge Hargrove sentenced appellant to concurrent three year terms of incarceration.

In this Court, appellant poses the following questions to us:

> "1. Does the trial court have the right to refuse to hear a case on an agreed and stipulated statement of fact pursuant to a plea of not guilty?
>
> 2. Did the appellant's subsequent guilty plea lack the essential voluntariness and unconditionality because the court refused to accept a plea of not guilty on an agreed stipulated statement of fact?"

By the plea of guilty subsequent to the aborted effort to proceed by way of a plea of not guilty on "an agreed and stipulated statement of fact," [6] the appellant has removed

---

these pleas, the defendant may interpose the defense of insanity as permitted by law." *See* former Rule 720.

5. There is a variety of reasons why counsel use such a plea, *e.g.*, it is less time consuming than a plea of guilty, minimizes post conviction attack on counsel, and provides the possibility that if an essential element of a charged offense is omitted from the statement that the "evidence" will be insufficient to convict.

6. *But see* Barnes v. State, 31 Md. App. 25, 35, 354 A. 2d 499, 505-06 (1976) wherein then Chief Judge Orth, for this Court, pointed up the distinction between an agreed statement of facts and evidence offered by way of stipulation.

the first question from our consideration. This is so because a plea of guilty eliminates all defects in the proceeding except those·that go to the jurisdiction of the court.[7] *Deyermond v. State*, 19 Md. App. 698, 313 A. 2d 709 (1974); *Waller v. State*, 13 Md. App. 615, 284 A. 2d 446 (1971); *Fix v. State*, 5 Md. App. 703, 249 A. 2d 224 (1969). Nevertheless, the propriety of the acceptance of the plea, measured by a constitutional yardstick, is subject to appellate review. *English v. State*, 16 Md. App. 439, 298 A. 2d 464 (1973). *See also Davis v. State*, 278 Md. 103, 361 A. 2d 113 (1976).

We shall turn then to appellant's second issue and gauge her plea of guilty by the strictures of the Constitution as pronounced by the Supreme Court of the United States in *Boykin v. Alabama, supra,* and explicated by the Court of Appeals in *Davis v. State,* 278 Md. at 114, 361 A. 2d at 119. There, Judge Digges, writing for the Court, said:

> "[W]e conclude that *Boykin* does not stand for the proposition that the due process clause requires state trial courts to specifically enumerate certain rights, or go through any particular litany, before accepting a defendant's guilty plea; rather, we think *Boykin* merely holds that the record must affirmatively disclose that the accused entered his confession of guilt voluntarily and understandingly." [8]

*See Edwards v. State,* 32 Md. App. 398, 361 A. 2d 131 (1976).

An examination of the record of the case *sub judice* reveals that appellant's plea of guilty was both voluntarily and intelligently made. When interrogated by her counsel, appellant affirmatively stated that she understood the nature of the proceedings, and she conceded her actual guilt. She was informed of the maximum sentences that she could

---

7. We are not to be understood as to imply that the trial judge's rejection of the manner of proceeding initially sought by appellant was a defect. The answer to that question must await the matter's being properly raised on appeal.

8. Chief Judge Murphy and Judge Eldridge, while concurring in the result, do not read *Boykin* so broadly.

receive, yet she said she freely and voluntarily wished to plead guilty. Appellant's constitutional rights to a trial by jury, confrontation and cross-examination of witnesses were waived *ex cathedra.* Judge Hargrove, as was his prerogative under then Md. Rule 720, now Md. Rule 731 c,[9] accepted the plea of guilty as knowingly and voluntarily made.

Although counsel for appellant contends in this Court that the trial judge's "[i]mproper refusal of . . . [the plea of not guilty on 'an agreed stipulated statement of facts'] [10] left the . . . [appellant] with no alternative but to enter a guilty plea . . .", that assertion must fall in the light of actual events. Judge Hargrove made it perfectly clear to appellant and her attorney that they could proceed, on a plea of not guilty, to trial before a jury or the court. Moreover, it was definitely and unambiguously established on the record that the court would not accept a "conditional" guilty plea. The choice put to appellant was 1) trial, by court or jury, on a plea of not guilty, or, 2) waive that right through a knowing, voluntary and unconditional plea of guilty. She chose the latter.

The record discloses that appellant's plea was entered by her with an intelligent understanding of its consequences, and that she freely and voluntarily shucked the cloak of presumption of innocence. The plea, as entered in the case *sub judice* fully satisfies *Boykin, Davis* and *Miller.* Indeed, we would be hard pressed to find a case wherein the effect of a guilty plea was explained in greater detail to the accused or more intelligently made. Appellant will not now be heard to complain that she has been brought down by a self-inflicted wound made by a dart she fashioned from her own feathers.[11]

> *Judgments affirmed.*
> *Costs to be paid by appellant.*

---

9. *See* n. 1, *supra.*

10. *But see* n. 6, *supra.*

11. Based on Aeschylus [525-456 B.C.], *Fragment* 135, (Plumptre's translation), a Libyan fable which relates, "That once an eagle, stricken with a dart, [s]aid, when he saw the fashion of the shaft, 'With our own feathers, not by others' hands, [a]re we now smitten.' "