ELIZABETH ANN SUTTON *v.* STATE OF MARYLAND

[No. 132, September Term, 1979.]

*Decided January 19, 1981.*

The cause was argued before SMITH, DIGGES, ELDRIDGE, COLE, DAVIDSON and RODOWSKY, JJ.

*Nancy Louise Cook, Assistant Public Defender,* with whom was *Alan H. Murrell, Public Defender,* on the brief, for appellant.

*Thomas P. Barbera, Assistant Attorney General,* with whom was *Stephen H. Sachs, Attorney General,* on the brief, for appellee.

DAVIDSON, J., delivered the opinion of the Court.

In this case, at the direction of the trial court, a plea of not guilty upon an agreed statement of facts was tendered. No defense was raised. A plea bargain was entered recommending probation. The question presented is whether, under these particular circumstances, the requirements of Maryland Rule 731 c are applicable.

Rule 731 c provides:

> "The court may not accept a plea of guilty without first *questioning the defendant on the record to determine that the plea is made voluntarily, with understanding of the nature of the charge and the consequences of the plea.* The court may accept the plea of guilty even though the defendant does not admit that he is in fact guilty if the court is satisfied that there is a factual basis for the plea. If the court refuses to accept a plea of guilty, the court shall enter a plea of not guilty." (Emphasis added.)

In the Criminal Court of Baltimore, Elizabeth Ann Sutton, the petitioner, was charged with assault. After the case was called to trial, the following colloquy took place:

> "MR. LEWIS [State's Attorney]: Your Honor the State at this time will call the case of State of Maryland versus Elizabeth Sutton.

MR. HOFFMAN [Defense Counsel]: Miss Sutton step up. Your Honor this is the matter we have approached the bench on, would the Court wish to proceed by way of a guilty plea, on an Alford plea, or a not guilty statement of facts with the defendant not testifying and submitting.

THE COURT: Not guilty statement of facts. Bring the witnesses up.

MR. HOFFMAN: Miss Sutton please come up ma'am.

THE COURT: Come up here please?

THE CLERK: What is your age?

(There is no response from the defendant.)

THE CLERK: How old are you?

MISS SUTTON: Fifty seven.

THE CLERK: What is your birthday?

MISS SUTTON: April 3rd, 1921.

THE CLERK: Elizabeth Sutton under warrant 47818122, the State of Maryland charges you with assault. Counsel your name and plea for the record?

MR. HOFFMAN: George Hoffman, Assistant Public Defender, on behalf of Elizabeth Sutton. Miss Sutton has been advised of her right to a jury trial. I will explain that to her, I already have, that a jury is composed of twelve people selected from Baltimore, all of whom would have to agree unanimously beyond a reasonable doubt before she could be convicted. Miss Sutton indicates she understands what a jury is and wishes to waive her right to a jury trial. Is that correct Miss Sutton?

MISS SUTTON: Yes.

MR. HOFFMAN: In addition we would enter a not guilty plea and proceed on an agreed statement of facts. I have advised Miss Sutton by so doing she is waiving her constitutional right to confront the witnesses against her, giving up the right also to later testify and deny the allegation of assault.

Miss Sutton further was advised there have been plea negotiations and that there has been a bench conference as well in relation to this particular case. That all parties in this case feel that there will be a recommendation of probation made, and a suspended sentence, the exact amount of time suspended is up to the Judge, and probation, whatever conditions the Probation Department provides will be left up to them or to the Judge. Do you understand that Miss Sutton?

MISS SUTTON: Yes.

MR. HOFFMAN: Further do you understand the Judge is not bound to give you any particular recommendation but the Judge has indicated that he will give you a probation in this case. Do you understand that?

MISS SUTTON: Yes.

MR. HOFFMAN: We are ready to proceed and the plea is not guilty.

THE COURT: Okay.

MR. LEWIS: The statement of facts would be as follows Your Honor, Mr. Davenport, if he were called to the stand, he is right next to me at trial table, he would testify that on May 17th — it is pretty hard to read the facts on this charging document. That on May 17th, 1978, he was in the 2100 block of Saint Paul Street, City of Baltimore, State of Maryland. That at that time Mr. Davenport was sitting on a neighbor's porch. At that time he saw the defendant, at trial table, who he would identify as Elizabeth Sutton, on the corner of 21st Street and Saint Paul. At that time the defendant walked across the street. Mr. Davenport did not say a word to her. At that time the defendant approached Mr. Davenport and spat into his face. Of course Mr. Davenport would testify that he did not give her permission to do this. That he also did not get up from where he was sitting. This happened in the

City of Baltimore, State of Maryland Your Honor and that would be the statement of facts.

MR. HOFFMAN: Your Honor, that is an agreed statement of facts, as far as what we are stipulating this witness would have testified had he been called to testify. Is that the whole State's case?

MR. LEWIS: Yes.

MR. HOFFMAN: At this time, merely for the record, I would make a Motion for Judgment of Acquittal. Miss Sutton understands Your Honor part of the plea negotiation is that she is not going to testify and deny the allegations. Is that correct Miss Sutton?

MISS SUTTON: Yes. I live alone. I have no witnesses.

MR. HOFFMAN: That would be the defendant's case Your Honor. As we have no other evidence or any other witnesses to present, at this time we would renew our Motion for Judgment of Acquittal.

THE COURT: Motion is denied.

MR. HOFFMAN: Thank you.

THE COURT: I find her guilty of assault."

After finding the petitioner guilty of assault, the trial court subsequently fined her $250 and placed her on probation for one year. The petitioner appealed to the Court of Special Appeals which affirmed. *Sutton v. State,* No. 218, September Term, 1979, decided October 31, 1979, unreported. She then filed a petition for a writ of certiorari that we granted. We shall reverse the judgment of the Court of Special Appeals.

The petitioner contends that a plea of not guilty upon an agreed statement of facts is the practical equivalent of a guilty plea because when each of these pleas is tendered, essentially the same rights are waived. She maintains, therefore, that the requirements of Rule 731 c are applicable to a plea of not guilty upon an agreed statement of facts. She asserts that because the record does not affirmatively show

that her plea was voluntary and knowing, her conviction must be reversed.

The respondent contends that a plea of not guilty upon stipulated evidence is not the practical equivalent of a guilty plea because when such a not guilty plea is tendered, a trial on the merits results, and nonjurisdictional defects are preserved for appellate review. It maintains, therefore, that the requirements of Rule 731 c are not applicable to such a plea. Finally, it asserts that, in any event, because the record affirmatively shows that the petitioner's plea was voluntary and knowing, her conviction must be affirmed. We do not agree.

In Maryland an accused is permitted to plead guilty. Md. Rule 731 a.[1] An acceptable guilty plea is an admission of conduct that constitutes all the elements of a formal criminal charge. *Boykin v. Alabama,* 395 U.S. 238, 243 n.5, 89 S. Ct. 1709, 1712 n.5 (1969); *McCarthy v. United States,* 394 U.S. 459, 466, 89 S. Ct. 1166, 1171 (1969); *Davis v. State,* 278 Md. 103, 110, 361 A.2d 113, 117 (1976). An accused who pleads guilty waives any and all defenses. *See Cohen v. State,* 235 Md. 62, 68, 200 A.2d 368, 371, *cert. denied,* 379 U.S. 844, 85 S. Ct. 84 (1964). *See also Palacorolle v. State,* 239 Md. 416, 421, 211 A.2d 828, 830-31 (1965); *Holloway v. State,* 8 Md. App. 618, 626, 261 A.2d 811, 815 (1970). In addition, such an accused waives the right to a jury or court trial. *Brady v. United States,* 397 U.S. 742, 748, 90 S. Ct. 1463, 1469 (1970); *Hudson v. State,* 286 Md. 569, 599, 409 A.2d 692, 707 (1979). Thus, a plea of guilty, once accepted, is the equivalent of a conviction. Nothing remains but to give judgment and determine punishment. *Boykin,* 395 U.S. at 242, 89 S. Ct. at 1711-12; *Gans v. Warden,* 233 Md. 626, 628, 196 A.2d 632, 633 (1964); *Biles v. State,* 230 Md. 537, 538, 187 A.2d 850, 851, *cert. denied,* 375 U.S. 852, 84 S. Ct. 111 (1963). Of course, before a plea of guilty is accepted and judgment is rendered, a trial court must determine that the

---

1. Rule 731 a provides in pertinent part:

"A defendant may plead not guilty, guilty, or, with the consent of the court, *nolo contendere.*"

acts admitted by the accused constitute the elements of the crime charged. *Boykin,* 395 U.S. at 244 n.7, 89 S. Ct. at 1713 n.7. *See Hudson,* 286 Md. at 599, 409 A.2d at 707; *McCall v. State,* 9 Md. App. 191, 200, 263 A.2d 19, 24, *cert. denied,* 258 Md. 729 (1970); *Holloway,* 8 Md. App. at 625, 261 A.2d at 814-15. *See also* Md. Rule 731 c.

Moreover, an accused who pleads guilty simultaneously waives several constitutional rights including the privilege against compulsory self-incrimination, the right to trial by jury, and the right to confront one's accusers. *Boykin,* 395 U.S. at 243, 89 S. Ct. at 1712; *Davis,* 278 Md. at 111, 361 A.2d at 117. Furthermore, although the propriety of the acceptance of a plea of guilty, measured by constitutional standards, is subject to appellate review, *Davis,* 278 Md. at 118, 361 A.2d at 121; *Lowe v. State,* 111 Md. 1, 14-16, 73 A. 637, 638-39 (1909); *see Gleaton v. State,* 235 Md. 271, 276, 201 A.2d 353, 356 (1964); *see also English v. State,* 16 Md. App. 439, 443, 298 A.2d 464, 467, *cert. granted,* 268 Md. 748 (1973), *cert. dismissed as improvidently granted,* July 3, 1973, an accused who pleads guilty ordinarily waives all nonjurisdictional defects in the proceedings. *Treadway v. Warden,* 243 Md. 680, 682, 220 A.2d 907, 908 (1966). *See Stevenson v. State,* 37 Md. App. 635, 638, 378 A.2d 209, 211 (1977). It is because of these significant consequences that before a guilty plea is accepted, an accused is entitled to a determination, affirmatively shown on the record, that the plea is voluntary and knowing. *Boykin,* 395 U.S. at 244, 89 S. Ct. at 1713; *Davis,* 278 Md. at 118, 361 A.2d at 121; Md. Rule 731 c.

Here the record shows that after the case was called to trial the attorney for the petitioner asked whether the trial court wished "to proceed by way of a guilty plea, on an Alford plea, or a not guilty statement of facts with the defendant not testifying and submitting." The trial court responded, "Not guilty statement of facts." In response to this direction, the attorney for the petitioner tendered a plea of not guilty upon agreed facts. The petitioner was advised that she was charged with assault. While she was not questioned by the trial court, she did indicate agreement with her attorney's

assertions that she was waiving her right to a jury trial, to confront witnesses, to testify, and to deny the allegations of assault. She further agreed with her attorney's assertion that she was advised of the terms of a plea bargain and was told that the trial court had indicated that she would be placed on probation although the trial court was not bound by that agreement.

The State then presented an agreed statement of facts that delineated conduct that showed an apparent assault and that raised no defense. At the close of the State's case, the petitioner, "merely for the record," made a motion for judgment of acquittal that was denied. Thereafter, she presented no evidence and renewed her motion for judgment of acquittal that was again denied.

Trying a case on an agreed statement of facts ordinarily does not convert a not guilty plea into a guilty plea. *See Covington v. State,* 282 Md. 540, 542, 386 A.2d 336, 337 (1978); *Stevenson v. State,* 37 Md. App. 635, 636, 378 A.2d 209, 210 (1977). But here the totality of the circumstances, and in particular, the facts that the petitioner's plea was entered at the direction of the trial court and that she was aware that she would be placed on probation, shows that the proceeding was not in any sense a trial and offered no reasonable chance that there would be an acquittal. Under these particular circumstances, the petitioner's plea was the functional equivalent of a guilty plea. As the Supreme Court stated in *McCarthy,* 394 U.S. at 472, 89 S. Ct. at 1174:

> "It is, therefore, not too much to require that, before sentencing defendants to years of imprisonment, district judges take the few minutes necessary to inform them of their rights and to determine whether they understand the action they are taking."

Accordingly, we now hold that under circumstances such as these, the requirements of Rule 731 c are applicable. Under these limited circumstances, there must be an affirmative showing on the record that the trial court determined that "the plea is made voluntarily, with understanding of

the nature of the charge and the consequences of the plea." Courts in other jurisdictions that have considered the same or similar questions agree.[2]

The only remaining question is whether the record affirmatively shows that the petitioner's plea was made in accordance with the requirements of Rule 731 c. The record shows that it was the trial court and not the petitioner or her attorney that determined that the plea of not guilty upon agreed facts was to be tendered. In addition, the petitioner was not questioned on the record to determine whether her plea was made as a result of coercion, terror, inducements or threats. *Boykin,* 395 U.S. at 242-43, 89 S. Ct. at 1712; *Lowe,* 111 Md. at 14, 73 A. at 638. *See Hudson,* 286 Md. at 595, 409 A.2d at 705. While the petitioner was told that she was charged with assault, she was not told of the maximum permissible length of sentence. *Boykin,* 395 U.S. at 245 n.7, 89 S. Ct. at 1713 n.7. *See Mathews v. State,* 15 Md. App. 686, 688-92, 292 A.2d 131, 133-34 (1972); *Duvall v. State,* 5 Md. App. 484, 487, 248 A.2d 401, 403 (1968). These facts establish that there was not compliance with the requirement of

---

2. Courts in several jurisdictions have recognized that when a not guilty plea procedure is the functional equivalent of a guilty plea, the requirements of rules analogous to Rule 731 c are applicable. *See, e.g.,* United States v. Strother, 578 F.2d 397, 402-05 (D.C. Cir. 1978); United States v. Dorsey, 449 F.2d 1104, 1107-08 (D.C. Cir. 1971); United States v. Brown, 428 F.2d 1100, 1102-04 (D.C. Cir. 1970); Julian v. United States, 236 F.2d 155, 156-59 (6th Cir. 1956); State v. Encinas, 117 Ariz. 165, 571 P.2d 662, 663-64 (1977); State v. Woods, 114 Ariz. 385, 561 P.2d 306, 308-09 (1977); Bunnell v. Superior Court, 13 Cal. 3d 592, 119 Cal. Rptr. 302, 308-11, 531 P.2d 1086, 1092-95 (1975); In re Mosley, 1 Cal. 3d 913, 83 Cal. Rptr. 809, 813-17, 464 P.2d 473, 477-81 (1970); People v. Smith, 70 Cal. App. 3d 306, 138 Cal. Rptr. 783, 787-88 (Ct. App. 1977); Glenn v. United States, 391 A.2d 772, 773-76 (D.C. 1978); People v. Smith, 59 Ill. 2d 236, 242, 319 N.E.2d 760, 764 (1974); People v. Stepheny, 56 Ill. 2d 237, 238-40, 306 N.E.2d 872, 873-74 (1974); People v. Russ, 31 Ill. App. 3d 385, 388-93, 334 N.E.2d 108, 109-15 (1975).

Some Federal courts have stated that although a not guilty plea procedure may be the functional equivalent of a guilty plea, the requirements of Fed. R. Crim. P. 11 are inapplicable. While the inquiry prescribed by Fed. R. Crim. P. 11, which is far more extensive than that prescribed by Md. Rule 731 c, is not required, these courts do require some inquiry to be made to assure that an accused's waiver of constitutional rights is voluntary and knowing. *See, e.g.,* United States v. Miller, 588 F.2d 1256, 1263-64 (9th Cir. 1978); United States v. Lawriw, 568 F.2d 98, 105 (8th Cir. 1977); United States v. Terrack, 515 F.2d 558, 560-61 (9th Cir. 1975). *See also* Cox v. Hutto, 589 F.2d 394, 395-96 (8th Cir. 1979). One State court reaches a similar result. Commonwealth v. Tate, 487 Pa. 556, 410 A.2d 751, 754 (1980).

Rule 731 c that the record affirmatively show that the trial court determined that "the plea [was] made voluntarily, with understanding of the nature of the charge and the consequences of the plea."

Under the particular facts and circumstances of this case, the petitioner must be afforded the opportunity to plead anew. *See McCarthy,* 394 U.S. at 468-72, 89 S. Ct. at 1172-74. Accordingly, we shall reverse and remand for further proceedings consistent with this opinion.[3]

> *Judgment of the Court of Special Appeals reversed.*
>
> *Case remanded to that court with directions to reverse the judgment of the Criminal Court of Baltimore, and to remand the case to that court for further proceedings in accordance with this opinion; pursuant to Maryland Rule 882 f, costs are not reallocated.*

---

3. In view of our decision, we need not consider the petitioner's contention that there was not compliance with the requirements of Rule 735 d because there was no affirmative showing on the record that her waiver of her right to a jury trial was voluntary and knowing.