## CHRISTOPHER DURAN YANES v. STATE OF MARYLAND

[No. 1473, September Term, 1981.]

*Decided July 12, 1982.*

The cause was argued before GILBERT, C. J., and WILNER, J., and EUGENE M. LERNER, Associate Judge of the Fifth Judicial Circuit, specially assigned.

*John W. Sause, Jr., District Public Defender,* for appellant.

*Richard B. Rosenblatt, Assistant Attorney General,* with whom were *Stephen H. Sachs, Attorney General, Paul S. Podolak, State's Attorney for Cecil County,* and *John L. Scarborough, Assistant State's Attorney for Cecil County,* on the brief, for appellee.

GILBERT, C. J., delivered the opinion of the Court. LERNER, J., concurs in the result.

We herein extend the ambit of *Sutton v. State,* 289 Md. 359, 424 A.2d 755 (1981) and declare that the proceedings

in the Circuit Court for Cecil County amounted to the "functional equivalent of a guilty plea." *Ergo,* because the plea did not comply with Md. Rule 731 c, we shall reverse the judgments of the trial court and remand the matter for trial.

The factual setting from which this case arose is unique. Christopher Duran Yanes, appellant, appeared in the circuit court where he was charged with "attempted" forgery,[1] "attempted" causing to be forged,[2] attempted uttering,[3] breaking and entering a storehouse with intent to steal goods of a value of $300 or more,[4] breaking a storehouse with intent to steal goods of $5.00 or more,[5] theft of property of a value of $300 or more,[6] theft of property having a value of less than $300,[7] and being a rogue and vagabond.[8]

The appellant's attorney [9] informed the trial judge that a "plea bargain" had been made with the State. The appellant's attorney then said:

> "The plea bargain is as follows: The State is making the offer that they would permit the entry and submission of facts stated to the Court under a count of breaking and entering. A sentence on breaking and entering would not exceed the ten years; in other words, the maximum he could receive on breaking and entering."

Counsel went on to explain that the forgery charge

> "would be submitted to the Court ... [on a statement of facts as to] one count. . . . And the punishment is not less than two years and not more

---

1. Md. Ann. Code art. 27, § 44.
2. *Id.*
3. *Id.*
4. Md. Ann. Code art. 27, § 32.
5. Md. Ann. Code art. 27, § 33.
6. Md. Ann. Code art. 27, § 342.
7. *Id.*
8. Md. Ann. Code art. 27, § 490.
9. We make clear that the attorney representing the appellant in this appeal was not the appellant's trial attorney.

than ten years for that. And . . . the . . . [appellant] would be responsible for restitution in all of the various matters in which he is charged, although the statements [of facts] are being submitted on two counts."

The trial judge inquired whether "[t]hese are guilty pleas. . . ." Defense counsel responded, "Submit an agreed statement of facts. It is essentially that, yes, sir. . . . We would elect a trial by this Court without a jury and submit a statement to the Court concerning the factual basis for these charges."

Thereafter, the judge made certain inquiries of the appellant as to the appellant's understanding that the matter would be submitted to the judge on an agreed statement of facts, and "based on those facts," the judge would determine whether the appellant was guilty.

Appellant's trial attorney then entered the following "stipulation:"

"On the 2nd day of July, 1981, at the premises which belong to Society Chabert Duval, Limited, which is a corporate entity, the premises is located 555 Blue Ball Road, Elkton, Maryland, which is in Cecil County. During the early morning hours, Christopher Yanes, who is, in fact, before the Court this morning, approached the premises. He actually did break into the premises by breaking the handle off a side door in the building and he entered the building with the intent to take property belonging to Society Chabert Duval, having a value of greater than $300.

After breaking in, in fact, property was taken from the premises. That was the property of the victim corporation. The property was taken without the permission of the corporation removed from the premises with the intent to permanently deprive the owner thereof of the property."

A second "stipulation" read into the record was that:

"Later on during the daytime hours of the second day of July of 1981, at the premises of the A & P market in Elkton, Maryland, the Defendant, who is in fact, before the Court this morning, Christopher Yanes, did appear to one of the employees of the A & P market and he had in his possession a check which was drawn on the account of Society Chabert Duval, Limited. That account was with the First National Bank of Maryland. The check had been made out with an amount that was not correct and not authorized by the owner of that particular account. Again, the victim, Society Chabert Duval, Society Chabert Duval, Limited.

The Defendant, Mr. Yanes, knowing that the document was incorrect and that false writings were upon it, did try to pass, utter and offer that document to the employee of the A & P market in return get goods or cash therefore [*sic*].

. . . .

The document did, in fact, bear false, incorrect information on it and it was, in fact, Mr. Yanes who attempted to offer the document to A & P market and attempted to gain cash or other goods as a result of offering or uttering the document."

Following each recital of facts, appellant admitted that the statements were true. In addition, appellant agreed to incorporate a list of stolen items into the "stipulation" and further agreed that he would pay for them.

Having made a full and complete in-court confession, appellant should not then have been surprised when the trial judge handed down verdicts of guilty as to both counts to which appellant had, through his counsel, "stipulated."

The appellant was sentenced to concurrent ten year terms, with the last year of each term "suspended," and the direction that appellant be "placed upon five years probation to begin upon his release on parole, upon the condition that he make restitution in the amount of $1,601.92, plus some

other damage to the building doors or something additional." [10]

On appeal to this Court, the appellant argues:

> "I. The matter was submitted below on 'the functional equivalent of a guilty plea' without compliance with Maryland Rule 731 c
>
> II. The indictment did not allege an intent to defraud and thus did not allege the commission of a crime
>
> III. The docket entries and commitment papers are erroneous and the amount of restitution is in error."

The "new specie of plea" that we have observed to be one occurring with increasing frequency, *Stevenson v. State,* 37 Md. App. 635, 636, 378 A.2d 209, 210 (1977), is the "not guilty upon an agreed statement of facts." That "hybrid plea" finds no support in the Md. Rules relative to criminal causes. Indeed, the plea is one of expediency and ofttimes is employed as a "back handed" plea of guilty. In *Stevenson,* 37 Md. App. at 637, 378 A.2d at 210, n. 5, we said:

> "There is a variety of reasons why counsel use such a plea, *e.g.,* it is less time consuming than a plea of guilty, minimizes post conviction attack on counsel, and provides the possibility that if an essential element of a charged offense is omitted from the statement that the 'evidence' will be insufficient to convict."

We paraphrase Chief Justice Warren in *McCarthy v. United States,* 394 U.S. 459, 472, 89 S.Ct. 1166, 1174, 22 L.Ed.2d 418, 428-29 (1969), and opine that we do not think it is too much of an imposition upon trial judges, before sentencing defendants to lengthy terms of imprisonment, to take a few minutes to inform the defendants of their rights and to

---

10. The docket entries showed the restitution to be *$16,001.92* plus other damages. Patently, the transcript governs when it conflicts with the docket. *See* Shade v. State, 18 Md. App. 407, 306 A.2d 560 (1973).

determine, on the record, that the defendants understand those rights.

If counsel attempts to use the plea as the functional equivalent of a guilty plea, the trial judge should make absolutely certain that there is compliance with Md. Rule 731 c. That rule mandates:

> "The court may not accept a plea of guilty without first questioning the defendant on the record to determine that the plea is made voluntarily, with understanding of the nature of the charge and the consequences of the plea. The court may accept the plea of guilty even though the defendant does not admit that he is in fact guilty if the court is satisfied that there is a factual basis for the plea. If the court refuses to accept a plea of guilty, the court shall enter a plea of not guilty."

A plea of guilty, if accepted by the trial court, leaves nothing to be done but the imposition of sentence. *Sutton v. State,* 289 Md. at 364, 424 A.2d at 758 (1981); *Stevenson v. State,* 37 Md. App. at 637-38, 378 A.2d at 211.

*Sutton* dealt with a plea that "was entered at the direction of the trial court" and the Court of Appeals held that under the "particular circumstances, the petitioner's plea was the functional equivalent of a guilty plea." 289 Md. at 366, 424 A.2d at 759. *Sutton* differs from the matter *sub judice* in that the trial court did not direct the entry of the plea. Nevertheless, the "plea of not guilty on an agreed statement of facts," as employed by trial counsel for the appellant, cannot, under the particular circumstances, be construed as anything short of a plea of guilty, irrespective of what counsel chose to call it. A mutt called "Duke" is not *ipso facto* noble. One must look to performance, and the performance in the case is that the appellant's not guilty on an agreed statement of facts was a judicial confession. How any trier of fact could have arrived, after hearing defense counsel's narration, at any verdict except one of guilt defies the imagination.

Turning briefly to the second issue raised by the appellant, we observe that the indictment read in pertinent part as follows:

### "CHRISTOPHER DURAN YANES

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

on the said day, in the said year, at the County, aforesaid, *with intent* then and there *to defraud,* feloniously did attempt to utter and publish as true a certain false, forged, altered and counterfeited . . . . . . certain Chesks [*sic*] (emphasis supplied.)"

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

We think appellant's attack on the indictment to be no more than "whistling in the wind." It is devoid of merit.

Appellant's third issue shall not be addressed inasmuch as the reversal of this case will *ipso facto* cure that defect.

Lerner, J., concurs in the result.

> *Judgment reversed.*
> *Case remanded for trial.*
> *Costs to be paid by Cecil County.*