## RAYMOND LATOUR OFFUTT v. STATE OF MARYLAND

[No. 1122, September Term, 1982.]

*Decided April 18, 1983.*

The cause was submitted on briefs to GILBERT, C. J., and LOWE and LISS, JJ.

Submitted by *Alan H. Murrell, Public Defender,* and *Louis P. Willemin, Assistant Public Defender,* for appellant.

Submitted by *Stephen H. Sachs, Attorney General, Diane G. Goldsmith, Assistant Attorney General, Andrew L. Sonner, State's Attorney for Montgomery County,* and *Robert L. Dean, Assistant State's Attorney for Montgomery County,* for appellee.

LOWE, J., delivered the opinion of the Court.

In this appeal from the Circuit Court for Montgomery County, appellant was convicted upon guilty pleas and sentenced for murder, two counts of robbery, conspiracy to rob and two counts of having used a handgun in the commission of a designated crime of violence. His appeal contests the imposition of two consecutive sentences for the handgun violations as contravening the factual predicate submitted to support the plea. Because appellee accepts appellant's statement of facts, we will do so.

"As a factual predicate for the plea, the State called as its witness Detective Clem Orbin of the Montgomery County police, who had investigated the case. Detective Orbin testified that on October 27, 1981 at approximately 10:00 p.m. two men entered the O'Brien's Pit Barbecue restaurant, both brandishing pistols. One of the men, later identified as Appellant, proceeded to the counter area at the front of the restaurant. The manager of the store, Michael O'Callahan, had just completed cleaning up the counter area. A gun shot was heard by witnesses. Mr. O'Callahan was struck in the face by the projectile. There was no indication of a struggle prior to the shot. This gunshot wound caused Mr. O'Callahan's death. The shot was fired from an estimated range of three feet. Immediately prior to the shooting, a cash register at the front of the restaurant was rifled. Then another employee, Maureen Merwin, was directed to the office in the rear of the restaurant where she was instructed to open the safe. A total of $1747 was taken from the cash register and the safe. The weapon which killed Michael O'Callahan was subsequently recovered."

Appellant contends that under these facts there was only one robbery, despite the fact that there were two victims, because all of the property taken was the property of O'Brien's Pit Barbecue. There having been but a single

robbery, which in turn merged into the felony murder conviction, there was but one felony to which the unlawful use of a handgun attached. Thus "at most one consecutive fifteen year sentence" can be supported, not two. We disagree.

Before addressing appellant's legal argument, we find it difficult to accept unquestioningly appellant's legal predicate. Presumably, he believes that after a guilty plea an accused has the right to have the minimal factual predicate providing a basis for his plea interpreted in the light most favorable to him for purposes of fashioning an appeal.

In this jurisdiction prior to *Boykin v. Alabama,* 395 U.S. 238 (1969), there was no requirement that the court have before it information sufficient to show that the conduct which a defendant admits by pleading guilty constitutes the offense charged. *McCall v. State,* 9 Md. App. 191, 197 (1970). Although McCall went on to hold that Boykin constitutionally mandated that the record affirmatively show that there was a factual basis for the plea, we certainly need not review that basis in "a light most favorable" to a defendant when our review of a contested case is limited to a "clearly erroneous" test, Md. Rule 1085. Our rules now require a factual basis for acceptance of a plea especially in those cases where a defendant does not admit that he is in fact guilty pursuant to the procedure discussed in *North Carolina v. Alford,* 400 U.S. 25 (1970). Since *Alford,* it is not even required that a person pleading guilty admit the conduct outlined in the factual predicate proffered to support the plea. *Williams v. State,* 10 Md. App. 570, 574 (1970).

The purpose for which a factual predicate need be elicited is to assure the trial judge (and the appeal record) that a plea is knowingly and intelligently entered. *McCarthy v. United States,* 394 U.S. 459, 467 (1969). The court must satisfy itself that one who pleads guilty understands not only the nature of the charge to which he is subjected, but the essential facts attributed to him in relation to those charges. It need be only such recitation as to protect a defendant who, while understanding the nature of the charge, may not realize that

his conduct does not actually fall within the charge. *McCarthy v. United States,* 394 U.S. at 467. That being understood by him, his decision to plead guilty is knowing and intelligent and it is hardly the job of the judge to weigh the evidence vis-a-vis each count to which a defendant, with the help of learned counsel, has made that knowing and intelligent evaluation for himself. To have such a require-ment would obviate the very purpose of a guilty plea.

Another purpose of so stringently requiring compliance with constitutional strictures in taking pleas of guilty (see *Boykin v. Alabama, supra; Davis v. State,* 278 Md. 103 (1976)), derives from the conclusiveness of the plea's effect, *i.e.,* that it eliminates all defects in the proceeding except those that go to the jurisdiction of the court. *Stevenson v. State,* 37 Md. App. 635, 637 (1977). Disputed factual infer-ences [1] are not jurisdictional.

Our perusal of the record reflects that, while the propriety of consecutive sentencing for robbery with a deadly weapon and use of a handgun in the commission of a crime of violence was raised and addressed below, at no time was any question raised as to how many underlying felonies the use of a handgun corresponded. Moreover, in order for appellant to reach his dual sentencing argument, either as a sufficiency of the evidence argument or as a double jeopardy contention, the inference presupposed by appellant requires us to address the case on the basis of its evidentiary sufficiency. Since the murder in this case could very well have been premeditated depending upon appellant's intent, despite the circumstantial tendencies pointing toward a felony murder, to address the issues appellant has raised requires not only an inferential factfinding by the trial court but by this Court as well. The same is true of the conclusion that all of the property taken was from a single owner. That might be inferred by a factfinder in a contested case, but neither the trial judge nor this Court is called upon to state

---

1. Even as appellant sets forth his facts on appeal they could give rise to either one or two crimes in the same location.

such inferences as its inferential factual predicates when appellant admits not only the facts but their culpable effect as charged. To the contrary, when appellant admits murder generally, he admits it to every extent inferentially available, not in the light most favorable to him, but to the State. The same is true of the robberies and more pertinently true regarding the use of a handgun in the commission of designated felonies.

Appellant does not raise a question of involuntariness or contend the plea was not knowing and intelligent. See, *e.g.*, *Henderson v. Morgan*, 426 U.S. 637 (1976). He leaps to a syllogistic conclusion by presupposing the predicate premises. We decline to follow suit. For the reason that we will not permit appellant to raise indirectly on appeal what he cannot directly raise, *Stevenson, supra,* we will affirm the judgment below. It is little solace to appellant that had we addressed the legalistic nuances of his contentions, we would have reached the same results for the reasons ascribed by appellee.

*Judgments affirmed.*
*Costs to be paid by appellant.*