501 A.2d 1373

**John Dennis INGERSOLL**

**v.**

**STATE of Maryland.**

**No. 376, Sept. Term, 1985.**

Court of Special Appeals of Maryland.

Jan. 9, 1986.

John L. Kopolow, Asst. Public Defender (Alan H. Murrell, Public Defender on the brief), Baltimore, for appellant.

Carmina Szunyog Hughes, Asst. Atty. Gen. (Stephen H. Sachs, Atty. Gen., Baltimore, MD., Sandra A. O'Connor, State's Atty. for Baltimore County and Sue Schenning, Asst. State's Atty., for Baltimore County on the brief, both of Towson), for appellee.

Submitted before GILBERT, C.J., and MOYLAN and ROBERT M. BELL, JJ.

ROBERT M. BELL, Judge.

Once again we are presented squarely with an issue—when is a decision to enter a plea of not guilty upon an agreed statement of facts not the functional equivalent to a guilty plea?—which we thought we laid to rest in *Ward v. State*, 52 Md.App. 664, 451 A.2d 1243 (1982). Perhaps because of the factual context in which the issue arose in *Ward*, the feeling persists, in some quarters, that except as

limited by *Ward,* this "hybrid plea" [1] is always the functional equivalent of a guilty plea. In affirming the judgment of the Circuit Court for Baltimore County, we once again endeavor to make clear that this just is not so.

John Dennis Ingersoll, appellant, was found guilty in the Circuit Court for Baltimore County, sitting without a jury, of failure to drive within a single lane, driving while intoxicated, driving on a suspended license, driving on a foreign license, and displaying expired Maryland license registration plates. He was sentenced to a total of one year's incarceration at the Baltimore County Detention Center and to pay fines. Appellant entered pleas of not guilty and proceeded upon an agreed statement of facts. There was no plea agreement. Prior to the State's recitation of the statement of facts, appellant's counsel and the court advised him as follows:

> MR. SCHAFER: ... First off, Mr. Ingersoll, you understand you have a right to a jury trial. Are you willing to waive that and be tried before the court?
>
> THE DEFENDANT: (Indicating yes.)
>
> MR. SCHAFER: You understand a jury consists of twelve members of the community who would have to unanimously find you guilty. You're willing to waive that and be tried before the judge?
>
> THE DEFENDANT: Yes.
>
> MR. SCHAFER: Additionally, you agreed to go on a statement of facts; is that correct?
>
> THE DEFENDANT: That's correct.
>
> MR. SCHAFER: You understand that they just read the charges against you, and you'll be giving up your right to confront the witnesses and to testify on your own behalf. I'll be heard in mitigation in your behalf only. Do you understand that?

---

1. Referring to the "plea of not guilty upon an agreed statement of facts", this Court observed: "That hybrid of a plea finds no express support in the rules relative to criminal causes ..." *Stevenson v. State,* 37 Md.App. 635, 636, 378 A.2d 209 (1977).

THE DEFENDANT: That is correct; yes sir.

MR. SCHAFER: The pleas will be not guilty, Your Honor, on all counts.

THE COURT: How far have you gone in school Mr. Ingersoll?

THE DEFENDANT: Thirteen years sir.

THE COURT: And how old are you sir?

THE DEFENDANT: Thirty-four. I'm sorry; forty-three.

THE COURT: All right. Have you had any alcohol or drugs or medication this morning?

THE DEFENDANT: Oh no.

THE COURT: You've understood what has been explained to you by Mr. Schafer?

THE DEFENDANT: Yes I have.

THE COURT: You understand that if you had a jury trial, the State would have the same burden of proof proving you are guilty beyond a reasonable doubt: whether it's jury trial or a trial before this court without a jury? You understand that?

THE DEFENDANT: Yes sir.

THE COURT: And that all twelve of the jurors would have to agree unanimously that you are guilty in order for you to be found guilty?

THE DEFENDANT: Yes, I do, sir.

THE COURT: Do you have any questions about anything that's been asked or told or explained to you?

THE DEFENDANT: No, I do not.

The prosecutor, with the assistance of the arresting officer, then recited the statement of facts, to which appellant's counsel made one "minor" correction and one addition. The addition, that appellant did have a valid California driver's license, prompted the court to inquire directly of the arresting officer as to the status of that license. Following the denial of his motions for judgment of acquittal the following sequence of events occurred: appellant's counsel spoke in mitigation of sentence; and the court inquired about and received information concerning appellant's past record for

similar offenses; appellant exercised his right of allocution; and findings of guilt were announced by the court.

Correctly observing that he was not asked whether his election to proceed on an agreed statement of facts "was the product of coercion, terror, inducements, or threats", nor told the maximum penalty for each charge, and further alleging that "[t]he hearing was tantamount to the entering of a guilty plea," appellant argues that he is entitled to a new trial. He relies upon *Sutton v. State,* 289 Md. 359, 424 A.2d 755 (1981).

Maryland Rule 4–242(c) provides:

> The court may accept a plea of guilty only after it determines, upon an examination of the defendant on the record in open court conducted by the court, the State's Attorney, the attorney for the defendant, or any combination thereof, that (1) the defendant is pleading voluntarily, with understanding of the nature of the charge and the consequences of the plea; and (2) there is a factual basis for the plea. The court may accept the plea of guilty even though the defendant does not admit guilt. Upon refusal to accept the plea of guilty, the court shall enter a plea of not guilty.

The rule requires that the court accept a guilty plea only after it has made the determination set forth therein. It follows that any plea, including a plea of not guilty under an agreed statement of facts, which is the functional equivalent of a guilty plea, must fully comply with this rule. *Sutton v. State,* 289 Md. at 366, 424 A.2d 755; *Yanes v. State,* 52 Md.App. 150, 155, 448 A.2d 359 (1982). The focus of our inquiry, then, is when is a plea of not guilty under an agreed statement of facts, not the functional equivalent of a guilty plea?

Although it has been referred to as a "new species of plea", *Stevenson v. State,* 37 Md.App. 635, 636, 378 A.2d 209 (1977), and as "a peculiar animal", *Covington v. State,* 34 Md.App. 454, 455, 367 A.2d 974 (1977) *aff'd* 282 Md. 540, 386 A.2d 336 (1978) and is not specifically sanctioned by the

Maryland Rules of Procedure, the plea of not guilty under an agreed statement of facts has been found, and continues, to have viability in the criminal practice in the courts of this State. *See Sutton v. State, supra; Covington v. State,* 282 Md. 540, 386 A.2d 336 (1978); *Ward v. State, supra; Yanes v. State, supra; Barnes v. State,* 31 Md.App. 25, 354 A.2d 499 (1977).

This plea, which has two components, a not guilty plea and an agreed statement of facts, was considered in *Barnes.* There, this Court defined the essential nature of the agreed statement of facts component:

Under an agreed statement of facts both State and defense agree as to the ultimate facts. Then the facts are not in dispute, and there can be, by definition, no factual conflict. The trier of fact is not called upon to determine the facts as the agreement is to the truth of the ultimate facts themselves. There is no fact-finding function left to perform. *To render judgment, the Court simply applies the law to the facts agreed upon.* If there is agreement as to the facts, there is no dispute; if there is a dispute, there is no agreement. (Emphasis supplied)

*Id.* at 35, 354 A.2d 499. It was again before us in *Stevenson.* There, we were asked to determine whether a trial court must accept such a plea, an issue we found that we were estopped to entertain. In the process, we neither endorsed, nor condemned the plea, but we did have occasion to comment:

There is a variety of reasons why counsel use such a plea, e.g., it is less time consuming than a plea of guilty, minimizes post conviction attack on counsel, and provides the possibility that if an essential element of a charged offense is omitted from the statement that the "evidence" will be insufficient to convict.

*Id.* 37 Md.App. at 637, n. 5, 378 A.2d 209.

Despite the State's concession that "the proceedings were the functional equivalent" of guilty pleas and that the court erred in not conducting the inquiry required by Maryland

Rule 731(c),[2] this Court found that the not guilty under an agreed statement of fact plea in *Ward* was not the functional equivalent of a guilty plea. In *Ward,* appellant entered the plea to preserve for appellate review the denial of his pre-trial suppression motion. On appeal, however, he specifically and directly attacked it as the functional equivalent of a guilty plea. We disagreed, finding that the preservation for appellate review of a pretrial suppression motion was a purpose of significant importance to distinguish that plea from a guilty plea.

Neither *Sutton* nor *Yanes,* cases in which a not guilty plea under an agreed statement of facts, under the facts presented, was held, to be the functional equivalent of a guilty plea, condemned such a plea. That this is so is starkly demonstrated by the holding of the Court of Appeals:

> *Trying a case on an agreed statement of facts ordinarily does not convert a not guilty plea into a guilty plea. See Covington v. State,* 282 Md. 540, 542, 386 A.2d 336, 337 (1978); *Stevenson v. State,* 37 Md.App. 635, 636, 378 A.2d 209, 210 (1977). But here the totality of the circumstances, and in particular, the facts that the petitioner's plea was entered at the direction of the trial court and that she was aware that she would be placed on probation, shows that the proceeding was not in any sense of a trial and offered no reasonable chance that there would be an acquittal. Under these particular circumstances, the petitioner's plea was the functional equivalent of a guilty plea.

*Sutton,* 289 Md. at 366, 424 A.2d 755. Similarly, in *Yanes,* "... [T]he 'plea of not guilty on an agreed statement of facts,' as employed by trial counsel for the appellant, cannot, under the particular circumstances, be construed as anything short of a plea of guilty, irrespective of what counsel chose to call it. A mutt called 'Duke' is not *ipso*

---

**2.** Present Rule 4–242(c).

*facto* noble. One must look to performance, and the performance in the case is that the appellant's not guilty on an agreed statement of facts was a judicial confession. *Id.* 52 Md.App. at 155, 448 A.2d 359.

■ We conclude, as we did in *Ward,* that neither the reported cases of the Court of Appeals nor of this Court "stand for the broad proposition that any 'not guilty plea with an agreed statement of facts' is now to be regarded as 'the functional equivalent to a guilty plea' ". *Ward,* 52 Md.App. at 670, 451 A.2d 1243. Rather, we reiterate that it is the totality of the circumstances in a given case, by reference to which that decision is made. It may be that this case reaches us only because appellant misread *Ward's* holding.[3]

With this background, we proceed to consider whether under the totality of the circumstances of this case the not guilty plea under an agreed statement of facts was the functional equivalent of a guilty plea.

■ Aside from the assertion that "the uncontradicted evidence read into the record by the prosecutor precluded any reasonable possibility of an acquittal on any of the charges", appellant does not specify with particularity why the proceedings were a substitute for a guilty plea. We are satisfied, however, for several reasons appearing on the record, that the proceedings were not the functional equiva-

---

**3.** As previously noted, the issue in Ward was generated when the defendant chose to proceed on an agreed statement of facts under a plea of not guilty, which the court accepted. He specifically indicated that the plea was being tendered so as to preserve for appeal the denial of his suppression motion. Thereafter, the defendant argued on appeal that the not guilty plea under an agreed statement of facts was the functional equivalent of a guilty plea. We rejected that argument noting:

In the instant case we consider that the appellant, having specifically preserved "rights" incident to a not guilty plea, may not under the facts of this case claim "rights" incident to the entry to a plea of guilty. Therefore, his contention is not ground for setting aside his convictions at the December 14, 1981 trial.

52 Md.App. at 673, 451 A.2d 1243.

lent of a guilty plea. First, unlike in *Sutton,* the trial court did not mandate that appellant and his counsel proceed in the fashion elected. Second, there was no plea agreement reached between appellant and the State. *See Sutton,* 289 Md. at 366, 424 A.2d 755. Third, unlike in *Yanes,* the appellant was not required by his counsel or by anyone else to judicially confess his guilt of the charged offenses, and he did not do so. Fourth, by proceeding in this fashion, appellant reserved, as a matter of right, his entitlement to a review of the sufficiency of the evidence to convict him.[4] Following a non-jury trial, whether or not appellant moves for judgment of acquittal, this Court must, if asked, "review the case upon both the law and the evidence", i.e. determine the sufficiency of the evidence. Md.Rule 1086; *Barnes v. State,* 31 Md.App. at 29, 354 A.2d 499. *See Covington,* 282 Md. at 542, 386 A.2d 336, where, notwithstanding the failure of the defendant to move for acquittal, the Court of Appeals said, "It would follow, however, that it would be incumbent upon a trial judge to determine whether the agreed facts were legally sufficient to convict of the crime charged." A review of a final judgment entered following a guilty plea can be obtained only if an application for leave to appeal were filed and granted. Maryland Code Ann. Courts Art. § 12–302(e);[5] Md.Rule 1096. Finally, appellant moved for judgment of acquittal. While clearly not a prerequisite to appellate review, making the motion further negates the inference that the proceedings are a

---

**4.** *Lyles v. State,* 63 Md.App. 376, 383–84, 492 A.2d 959, *cert. granted* 304 Md. 362, 363, 499 A.2d 191 (1985) is inapposite. That case involved the failure to comply with Md.Rule 4–324(a) in the context of a jury trial. Following a jury trial, appellate review of the sufficiency of the evidence is conditional upon the denial of a motion for judgment of acquittal made at the close of the evidence. *Lotharp v. State,* 231 Md. 239, 240, 189 A.2d 652 (1963); *Williams v. State,* 5 Md.App. 450, 455–56, 247 A.2d 731 (1968). *See* Md.Rule 4–324(a).

**5.** Section 12–302(e) provides:
(2) Section 12–301 does not permit an appeal from a final judgment entered following a plea of guilty in a circuit court. Review of such judgment shall be sought by application for leave to appeal.

substitute for a guilty plea; the motion is an attribute of a trial, not of a guilty plea procedure.

There were clear procedural defects in the proceedings *sub judice.* Following the statement of facts and the denial of appellant's motion for judgment of acquittal, and before the court made a finding as to appellant's guilt or innocence, appellant's counsel spoke in mitigation. Only after counsel had been heard in mitigation, the prosecutor had been heard, and appellant had exercised his right of allocution did the trial court find appellant guilty and impose sentence. The guilt or innocence phase of the proceedings thus merged into the dispositional phase. Appellant did not object to this procedure below; nor has he done so on appeal. Any error emanating from the procedure was, therefore, waived. Maryland Rule 1085.

 Although we deem any error which these proceedings might constitute to have been waived, procedural defects may affect the decision whether a not guilty plea under an agreed statement of facts is a substitute for a guilty plea. Pleading not guilty and proceeding on an agreed statement of facts is a form of trial. *See Sutton,* 289 Md. at 366, 424 A.2d 755. If the proceedings pursuant to the plea retain the attributes of a trial, the plea is not the functional equivalent of a guilty plea. *Id.* If, on the other hand, they are conducted as to be in no sense a trial, the opposite result may obtain. *Id.* We find the instant proceedings to have retained the essential attributes of a trial.

 We believe that the proper procedure to be followed when a plea of not guilty is entered and the case proceeds on an agreed statement of facts is that which was reported in *Covington.*[6] Following the recitation of the statement of facts and after allowing for any additions or corrections to

---

**6.** No issue was raised in Covington concerning the relationship between the defendant's plea and a guilty plea. The only issue presented was the validity of his contention that the trial judge's premature rendering of the verdict deprived him of the opportunity to argue the sufficiency of the evidence.

be made by the defense, the trial judge determines the legal sufficiency of the evidence to convict. Only then does he or she hear matters in mitigation of sentence.

In conclusion, appellant's plea of not guilty under an agreed statement of facts was not the functional equivalent of a guilty plea. There was no error.

JUDGMENTS AFFIRMED.

COSTS TO BE PAID BY APPELLANT.