549 A.2d 1150

**Charles W. JONES**

v.

**STATE of Maryland.**

**No. 259, Sept. Term, 1988.**

Court of Special Appeals of Maryland.

Nov. 9, 1988.

Laurie I. Mikva, Asst. Public Defender (Alan H. Murrell, Public Defender, on the brief), Baltimore, for appellant.

Audrey A. Creighton, Asst. Atty. Gen. (J. Joseph Curran, Jr., Atty. Gen., Baltimore, and Hugh Carter Vinson, State's Atty. for Dorchester County, Cambridge, on the brief), for appellee.

Submitted before ROSALYN B. BELL, ROBERT M. BELL and POLLITT, JJ.

ROBERT M. BELL, Judge.

Charles W. Jones, appellant, entered a not guilty plea to a charge of housebreaking and proceeded to trial upon an agreed statement of facts, in the Circuit Court for Dorchester County. The court found him guilty and sentenced him to a three-year term of imprisonment. He presents a single question on appeal from that judgment: "Was the inquiry and advisement of Appellant with respect to his decision to proceed on an agreed statement of facts sufficient?"

The proceedings in this case began as follows:

[Prosecutor]: Your Honor, before we proceed, the State is going to nol pros the fourth count and proceed on the other three.

THE COURT: All right, the charge of being a rogue and vagabond is being nol prossed by the State's Attorney. That leaves him charged with burglary, breaking and entering, and malicious destruction. He enters a plea of not guilty, is that right?

[Defense Counsel]: No Your Honor, what we are going to do is go on the first count, enter a not guilty statement of facts on the first count. Upon him [sic] being found guilty of that the state will nol pros the other two.

[Prosecutor]: Correct Your Honor.

The court then questioned the appellant about his decision to proceed in that fashion, without, however, apprising him of the nature of the offense with which he was charged or the maximum penalty applicable thereto.[1] The State presented a statement of facts; appellant acknowledged his substantial agreement with those facts; the court pronounced the appellant guilty of housebreaking; and the State nolle prossed the remaining counts and recommended a sentence within the sentencing guidelines. Appellant neither moved, nor argued, for acquittal.

Appellant contends that his decision to proceed on an agreed statement of facts was the functional equivalent of a guilty plea. On this premise, he argues that the requirements of Md.Rule 4–242(c) were applicable, but that the trial judge's examination of him failed to comport with those requirements.

■ As appellant recognizes, we made clear in *Ingersoll v. State,* 65 Md.App. 753, 761, 501 A.2d 1373 (1986), (quoting

---

**1.** Of course, since the court did not perceive the plea to be a guilty plea, it did not inquire whether it was knowing and voluntary. It did determine that appellant's waiver of jury trial was done "intelligently" and that appellant understood what proceeding on an agreed statement of facts meant.

*Ward v. State,* 52 Md.App. 664, 670, 451 A.2d 1243 (1982)), that not every "not guilty plea with an agreed statement of facts is now to be regarded as 'the functional equivalent to a guilty plea'". We emphasized "that it is the totality of the circumstances in a given case, by reference to which that decision is made." 65 Md.App. at 761, 501 A.2d 1373. Then, addressing the merits of Ingersoll's argument, we stated:

Aside from the assertion that "the uncontradicted evidence read into the record by the prosecutor precluded any reasonable possibility of an acquittal on any of the charges", appellant does not specify with particularity why the proceedings were a substitute for a guilty plea. We are satisfied, however, for several reasons appearing on the record, that the proceedings were not the functional equivalent of a guilty plea. First, unlike in *Sutton,* [*v. State,* 289 Md. 359, 424 A.2d 755 (1981)], the trial court did not mandate that appellant and his counsel proceed in the fashion elected. Second, there was no plea agreement reached between appellant and the State. *See Sutton,* 289 Md. at 366, 424 A.2d 755. Third, unlike in *Yanes,* [*v. State,* 52 Md.App. 150, 448 A.2d 359 (1982)], the appellant was not required by his counsel or by anyone else to judicially confess his guilt of the charged offenses, and he did not do so. Fourth, by proceeding in this fashion, appellant reserved, as a matter of right, his entitlement to a review of the sufficiency of the evidence to convict him. Following a non-jury trial, whether or not appellant moves for judgment of acquittal, this Court must, if asked, "review the case upon both the law and the evidence", *i.e.* determine the sufficiency of the evidence. Md.Rule 1086 [present Rule 8–131(c)]; *Barnes v. State,* 31 Md.App. [25] at 29, 354 A.2d 499 [ (1976)]. *See Covington [v. State],* 282 Md. [540] at 542, 386 A.2d 336 [ (1978)], where, notwithstanding the failure of the defendant to move for acquittal, the Court of Appeals said, "It would follow, however, that it would be incumbent upon a trial judge to determine whether the agreed facts

were legally sufficient to convict of the crime charged." A review of a final judgment entered following a guilty plea can be obtained only if an application for leave to appeal were filed and granted. Maryland Code Ann. Courts Art. § 12–302(e); Maryland Rule 1096 [present Rule 8–204(b)]. Finally, appellant moved for a judgment of acquittal. While clearly not a prerequisite to appellate review, making a motion further negates the inference that the proceedings are a substitute for a guilty plea; the motion is an attribute of a trial, not of a guilty plea procedure.

65 Md.App. at 762–63, 501 A.2d 1373.

Fully cognizant of this discussion in *Ingersoll*, appellant directs our attention to the statement of his counsel at the beginning of the proceedings, *see* colloquy, *supra*, the fact that the court announced its verdict before appellant's counsel either moved, or argued, for acquittal, appellant's acknowledgment of his agreement with the statement of facts adduced by the State, and the circumstance that appellant's decision to proceed on an agreed statement of facts was pursuant to an agreement whereby the State would nolle pros charges and recommend a sentence within the sentencing guidelines. He argues:

In sum, the circumstances of the instant case, including the presumption by the defense and the trial court that Appellant would be found guilty, the elicitation of a judicial confession from Appellant, and the existence of a plea agreement with the State, demonstrate that Appellant's decision to proceed on an agreed statement of facts was the functional equivalent of a guilty plea.

We are not persuaded. We do not find appellant's counsel's statement, "No Your Honor, what we are going to do is ... enter a not guilty statement of facts on the first count. Upon him being found guilty of that the state will nol pros the other two", to be sufficiently clear as to mandate a finding that the proceeding was contemplated as a substitute for a guilty plea. Nor are we satisfied that appellant's acknowledgment of his agreement with the

statement of facts has that effect. The existence of a plea agreement certainly does not suffice, especially where, as here, there was no definite agreement as to a specific sentence to which the trial court had bound itself. While more troubling, the failure of counsel to move, or argue, for acquittal also falls short.

In *Ingersoll,* counsel's argument in mitigation of sentence was presented prior to the trial judge's pronouncement of his verdict. We did not find that procedural deficiency to be fatal. 65 Md.App. at 763, 501 A.2d 1373. We did acknowledge that such deficiencies may affect the decision whether a particular not guilty plea under an agreed statement of facts is a substitute for a guilty plea in a given situation. We concluded, however, that only if the proceedings "are conducted as to be in no sense a trial" will they be considered to be a substitute for a guilty plea. *Id.* In this regard, it is well to recall that, where an accused is tried by the court, which is what occurs when a not guilty plea with an agreed statement of facts is tendered, the trial judge is required to address the sufficiency of the evidence, whether, or not, a motion for judgment of acquittal is made.[2] 65 Md.App. at 762, 501 A.2d 1373.

Considering the totality of the circumstances we conclude that the proceedings here were not tantamount to a guilty plea. Hence, we will affirm the judgment below.

---

**2.** The cases addressing the failure of a trial court to afford defense counsel an opportunity to argue the sufficiency of the evidence before rendering its verdict have done so in the context of

> ... the constitutional right of a defendant in a criminal cause to the assistance of counsel [and i]n particular ... the interplay between the organic right of a defendant to be heard through his counsel as to the sufficiency of the evidence and the applicable law before a verdict is rendered, on the one hand, and the procedural requirements established to have a judgment of conviction and sentence reviewed on appeal, on the other hand.

*Cherry v. State,* 305 Md. 631, 634, 506 A.2d 228 (1986). *See Spence v. State,* 296 Md. 416, 423, 463 A.2d 808 (1983); *Covington v. State,* 282 Md. 540, 544–45, 386 A.2d 336 (1978); *Yopps v. State,* 228 Md. 204, 207–08, 178 A.2d 879 (1962). None of them contains so much as a hint that the deficiency rendered the proceedings "in no sense a trial."

We think it appropriate to observe that the procedure by which this appeal reaches us presents a considerable incongruity. Appellant, having submitted his case for decision on a not guilty plea with an agreed statement of facts, thus preserving his right of appeal, has used that right to attack, not the merits of the court's judgment, but the procedure by which the judgment was rendered. In so doing, appellant seeks to use this appeal not as a shield, but as a sword, and, we fear, as a means of getting around the review procedures applicable to guilty plea proceedings. *See* Maryland Courts and Jud.Proc.Code Ann. § 12–302(e) and Maryland Rule 8–204(b), which, as we noted in *Ingersoll*, contemplate an application for leave to appeal, rather than a direct appeal. We therefore agree with the State, appellant cannot have his cake and eat it too. In other words, considering the issue he raises, we cannot imagine how appellant could succeed on this appeal. Were we to have reached the conclusion appellant urges upon us, because he has not followed the procedure applicable to guilty plea proceedings, we would be nevertheless constrained to dismiss his appeal.

JUDGMENT AFFIRMED.

COSTS TO BE PAID BY APPELLANT.