**Donald L. SCOTT, Appellant,**

v.

**STATE of Missouri, Respondent.**

No. 67698.

Missouri Court of Appeals,
Eastern District,
Division One.

Dec. 19, 1995.

Motion for Rehearing and/or Transfer to Supreme Court Denied Feb. 7, 1996.

Application to Transfer Denied
March 26, 1996.

Dave Hemingway, Public Defender, St. Louis, for Appellant.

Jeremiah W. (Jay) Nixon, Attorney General, Christine M. Kocot, Assistant Attorney General, Jefferson City, for Respondent.

KAROHL, Judge.

Donald L. Scott appeals after a denial of post conviction relief under Rule 29.15 without an evidentiary hearing. We affirm.

Scott was charged as a prior offender with sodomy (Count I) and sexual abuse (Counts II and III). The state dismissed one of the sexual abuse charges and withdrew the prior offender pleading. The parties submitted the case on police reports and depositions. The court found Scott guilty of sodomy and

1. We herein deny garnishor's motion to strike    portions of the legal file or to dismiss.

sexual abuse. The state recommended concurrent sentences of seven and five years respectively. The court followed the recommendations and sentenced Scott accordingly.

Scott alleged in his Rule 29.15 motion he did not knowingly or voluntarily waive his Sixth Amendment rights of confrontation, cross-examination, and summation; he thought he would have a bench trial.

■■■ Our review of a denial of post conviction relief is limited to whether the findings and conclusions are clearly erroneous. Rule 29.15(j). To warrant an evidentiary hearing under Rule 29.15, a movant must: (1) plead facts, not conclusions which would grant relief; (2) show these facts cannot be refuted by the record; and (3) demonstrate prejudice. *State v. Blankenship*, 830 S.W.2d 1, 16 (Mo. banc 1992). A hearing is not required if the files and record conclusively show the movant is not entitled to relief. Rule 29.15(g).

This case appears to be a hybrid between a bench trial and a plea hearing. Scott had a bench trial; he submitted his case to the trial court solely on police reports and depositions. However, both parties also used the terms "plea negotiations" throughout the proceedings.

At trial, the court asked defense counsel if she had any announcements. Defense counsel said "yes", then made the following request:

> [Defense counsel] ... And please make sure that I'm stating this correctly for the record. Mr. Scott has told me that he requests that your Honor review the police reports in this matter and the depositions filed with the Court and make a finding of guilt pursuant to plea negotiations.

The court then proceeded to question Scott to confirm that this request was what he intended.

THE COURT: And you understand that [defense counsel is] submitting this matter to me on the police report and on the depositions that have been previously filed with the Court?

A. Yes.

THE COURT: And that [defense counsel] has made that announcement at your direction.

A. Yes.

THE COURT: And you authorized [defense counsel] to say what she said.

A. Yes.

The trial court denied Scott's Rule 29.15 motion without a hearing. In its findings of fact and conclusions of law, the court disposed of the motion as a Rule 24.035 motion. Although this is technically incorrect, it does not require a remand. Scott knowingly and voluntarily submitted his case to the trial court on stipulated facts. Moreover, the trial court adequately informed Scott of his Sixth Amendment rights, although some of the questions were not necessary because there was a trial and not a guilty plea.

THE COURT: Mr. Scott, I want to advise you that you have certain rights. And I want to review those rights with you now even though I'm sure that [defense counsel] has already discussed all of this with you.

You understand, sir, that if you continued in your pleas of not guilty that you would be entitled to have a trial?

A. Yes.

THE COURT: And that you are entitled to an attorney?

A. Yes.

THE COURT: And do you understand that if you had a trial that the jury would be composed of twelve people from St. Louis County?

A. Yes.

THE COURT: That the jury would be instructed that you are presumed innocent until you are proven guilty?

A. Yes.

THE COURT: And in order to find you guilty each of the jurors would have to believe that you are guilty beyond a reasonable doubt?

A. Yes.

THE COURT: And that any verdict that a jury would return would have to be a unanimous verdict?

A. Yes.

THE COURT: And do you also understand, sir, if you had a trial the State would be required to put on evidence against you?

A. Yes.

THE COURT: That you through [defense attorney] could cross-examine the State's witnesses?

A. Yes.

THE COURT: That you could present evidence of your own?

A. Yes.

THE COURT: And that you could testify if you wanted to?

A. Yes.

\*　　\*　　\*　　\*　　\*　　\*

THE COURT: Now, knowing that you have these various legal rights is it still your desire to submit this matter to me upon the police reports and upon the depositions that have been filed?

A. Yes.

The record confirms Scott was informed of his Sixth Amendment rights. He knowingly waived these rights. His Rule 29.15 allegations are refuted by the record. Specifically, he knowingly waived his right to confront and cross-examine witnesses, and to make a final summation. Further, he has not alleged a factual basis to find his motion allegations caused him prejudice.

The motion court did not clearly err in denying Scott's Rule 29.15 motion without an evidentiary hearing.

We affirm.

REINHARD, P.J., and CRANDALL, J., concur.