STATE of Missouri, Plaintiff/Respondent,

v.

James Nelson FAY, Defendant/Appellant.

No. 70398.

Missouri Court of Appeals,
Eastern District,
Division One.

Feb. 11, 1997.

Charles E. Bridges, St. Charles, for defendant/appellant.

Jeremiah W. (Jay) Nixon, Attorney General, David R. Truman, Assistant Attorney General, Jefferson City, for plaintiff/respondent.

REINHARD, Judge.

Defendant appeals after he was convicted by the trial court of two counts of child molestation in the first degree, § 566.067, RSMo 1994. The court sentenced defendant

to concurrent prison terms of six years for each count. We affirm.

Defendant was charged by information with two counts of subjecting a girl under twelve years old to sexual contact. The state filed a request for discovery and defendant filed a motion to dismiss the second count.

On December 8, 1995, defendant appeared in court for his arraignment. At this time, he waived the formal reading of the information and entered a plea of not guilty. When the court asked for defendant's plea, defense counsel stated that "[h]is plea is not guilty, but stipulates to the police reports recognizing there will be a finding of guilt." The following discussion then occurred:

[Court:] Well, this is a felony offense and if by that you mean that you are waiving a trial by a jury?

[Defendant:] Yes.

[Court:] I would need a written waiver if the defendant wishes to waive the right to trial by a jury. [Defendant], do you understand you have a right to have a jury trial?

[Defendant:] Yes.

[Court:] And you understand your counsel is stating you want to proceed with this and submit the case on certain reports here?

[Defendant:] Yes, sir.

[Court:] That would constitute a trial and you have a right to a trial by a jury, you understand that?

[Defendant:] Yes, sir.

[Court:] Do you wish to waive your right to a jury trial, and give up your right to a trial by a jury?

[Defendant:] Yes, sir.

[Court:] Very well. In order for me to accept that, I can only accept this in writing.

The defendant signed a written waiver, and the court found that "[d]efendant waives trial by jury." The following discussion then took place:

[Defense counsel:] Your Honor, if I may, for the record I would like to make a record that [defendant] and I have discussed this at length, that I believe [defendant] has already indicated on the record he agrees with this plea, am I correct?

[Defendant:] That's correct.

[Defense counsel:] Are there any witnesses, [defendant], you wanted me to call or interview that I have not interviewed?

[Defendant:] No, sir.

[Defense counsel:] Anything else you think I should do, [defendant], that I have not done?

[Defendant:] No.

[Defense counsel:] Are you satisfied with my services?

[Defendant:] More than satisfied.

[Court:] Counsel, I understand that you have stipulated that certain exhibits—may this case be submitted upon those exhibits to be offered by the State?

[Defense counsel:] That's correct, Your Honor.

The state introduced two exhibits, the St. Charles County police report and the Division of Family Services' Child Abuse and Neglect Investigation Summary. Defendant did not object to the admission of either exhibit, and the matter was then submitted to the trial court on the basis of the two exhibits.

The exhibits detailed the testimony of the witnesses. In summary, the exhibits revealed that K.A., the five-year-old victim, lived across the street from defendant. K.A. told her mother that she, "hurt down there," pointing to her groin area. Upon examination, her mother found redness, and K.A. indicated that defendant had touched her down there. K.A. later told Mary Ann Meegan, an investigator with the Division of Family Services, that defendant had touched her front genital area on several occasions and that he had also asked K.A. to touch "his private part." A subsequent physical exam of K.A. revealed that her hymen was "in an abnormal condition and that the complete evaluation is consistent with sexual abuse in that there were physical findings present."

After defendant was informed of his Miranda [1] rights and allowed to consult with his attorney, defendant waived his rights and spoke with Detective McCracken. Defendant initially denied touching K.A. but later admitted that he touched K.A. "for his own pleasure." Defendant completed a written statement detailing the incidents, and it was attached to the police report.

The record also reveals that defendant is seventy years old and has a college degree in engineering.

Defendant raises two points on appeal but does not challenge the sufficiency of the evidence. On appeal, defendant essentially contends the trial court erred because it "did not advise [defendant] of those safeguards required by Missouri Supreme Court Rule 24.02 in that the procedure of stipulating to the police reports for a finding of guilty was a de facto guilty plea to which Rule 24.02 applies."

The defendant relies principally upon cases cited in Jay M. Zitter, Annotation, *Guilty Plea Safeguards as Applicable to Stipulation Allegedly Amounting to Guilty Plea in State Criminal Trial*, 17 A.L.R.4th 61 (1982). This annotation provides:

> A question has arisen in a number of cases as to whether a trial judge need inform the defendant of his rights and the consequences of a guilty plea, where the defendant pleads not guilty, and also stipulates to testimony or other evidence which assertedly will have the effect that the defendant will inevitably be found guilty. In a number of cases, the courts have held that the guilty plea safeguards are required, since the defendant is for all intents and purposes pleading guilty.... However, in other cases, the courts have reasoned that although both guilty pleas and stipulations assertedly amounting to guilty pleas result in adjudications of guilt, nevertheless they are separate and distinct procedures, and also that it is difficult to distinguish between submissions equivalent and not equivalent to guilty pleas. Consequently, these courts have held that the guilty plea safeguards need not be

given by the judge in such circumstances....

*Id.* at 64.

The annotation cites the following jurisdictions as supporting the position that the trial court must inform a defendant of his rights when he pleads not guilty and stipulates to the evidence: Arizona, California, Illinois, Maryland, Pennsylvania, and Washington, D.C. *Id.* at 64–66. In the annotation's headnote case, however, the Washington Court of Appeals rejected the argument that a trial by stipulation is tantamount to a guilty plea and requires the procedural safeguards of a guilty plea. *State v. Davis*, 29 Wash.App. 691, 630 P.2d 938, 941 (1981). The Washington court stated, "a trial by stipulation is functionally different from a guilty plea. A guilty plea is itself a conviction. With a trial by stipulation, however, the defendant does not stipulate to his guilt." *Id.* (citations omitted).

We also note that Maryland's position on this issue has been restricted by *Ingersoll v. State*, 65 Md.App. 753, 501 A.2d 1373 (1986). Although Maryland recognized that a not guilty plea with an agreed statement of facts may be the functional equivalent to a guilty plea, such a determination is based upon the totality of the circumstances. *Id.* 501 A.2d at 1377. In *Ingersoll*, the defendant pled not guilty and proceeded upon an agreed statement of facts. *Id.* at 1375. The court noted that the evidence precluded any reasonable possibility of an acquittal. *Id.* at 1377. For the following reasons, however, the court found that the proceedings were not the functional equivalent of a guilty plea: (1) the trial court did not mandate that defendant and his counsel proceed in the fashion elected; (2) there was no plea agreement; (3) defendant was not required to judicially confess his guilt; and (4) defendant reserved his entitlement to a review of the sufficiency of the evidence to convict him. *Id.* at 1377–78.

The *Ingersoll* court described the proper procedure to follow when there is a not guilty plea and the case is submitted on an agreed statement of facts. The court stated, "[f]ollowing the recitation of the statement of facts

---

1. *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

and after allowing for any additions or corrections to be made by the defense, the trial judge determines the legal sufficiency of the evidence to convict. Only then does he or she hear matters in mitigation of sentence." *Id.* at 1378–79.

Here, we note that the attachments to defendant's Notice of Appeal identified the sufficiency of the evidence as a point to be raised on appeal. Under the reasoning of *Ingersoll*, this case would be affirmed.

We need not look at other jurisdictions to resolve this case, however, because *Scott v. State*, 916 S.W.2d 309 (Mo.App. E.D.1995), is controlling. In *Scott*, the defendant was charged with committing sodomy and sexual abuse. *Id.* at 309. The parties submitted the case on police reports and depositions. *Id.* The trial court found the defendant guilty on both charges. *Id.* at 309–10. The defendant did not file a direct appeal but alleged in a Rule 29.15 motion that, "he did not knowingly or voluntarily waive his Sixth Amendment rights of confrontation, cross-examination, and summation; he thought he would have a bench trial." *Id.* at 310.

In *Scott*, Judge Karohl, speaking for this court, stated:

> This case appears to be a hybrid between a bench trial and a plea hearing. [Defendant] had a bench trial; he submitted his case to the trial court solely on police reports and depositions. However, both parties also used the terms "plea negotiations" throughout the proceedings....
>
> \*    \*    \*    \*    \*    \*
>
> [Defendant] knowingly and voluntarily submitted his case to the trial court on stipulated facts. Moreover, the trial court adequately informed [defendant] of his Sixth Amendment rights, although some of the questions were not necessary because there was a trial and not a guilty plea.
>
> \*    \*    \*    \*    \*    \*
>
> The record confirms [defendant] was informed of his Sixth Amendment rights. He knowingly waived these rights.

*Id.* at 310–11.

*Scott* stands for the proposition that stipulated facts do not constitute a guilty plea.

Thus, in the procedural posture presented to the trial court, the defendant in *Scott* properly waived his right to a jury trial. Consequently, it was unnecessary for the court to advise Scott of his rights as required by Rule 24.02, which applies only to guilty pleas. In the case at hand, the record clearly reveals a proper and voluntary waiver of a jury trial. Furthermore, defendant did not admit his guilt in court nor did the totality of the circumstances constitute a guilty plea.

The trial court did not err because the stipulated trial was not equivalent to a guilty plea. Consequently, there was no need to comply with Rule 24.02.

Judgment affirmed.

DOWD and GARY M. GAERTNER, JJ., concur.