CITY OF KANSAS CITY, Missouri, Respondent,

v.

Kelly LONG, Appellant.

Nos. WD 67734, WD 67735.

Missouri Court of Appeals, Western District.

Jan. 22, 2008.

Bradley A. Constance, Esq., Independence, MO, for Appellant.

Megan F. Pfannenstiel, Esq., Kansas City, MO, for Respondent.

Before NEWTON, P.J., SPINDEN and HARDWICK, JJ.

LISA WHITE HARDWICK, Judge.

Kelly Long appeals from the circuit court's dismissal of her application for trial de novo on two Kansas City ordinance violations. The circuit court determined that Long was not entitled to trial de novo under Section 479.200, RSMo 2000, because she stipulated to the City's evidence and, therefore, was never "tried" in municipal court. For reasons explained herein, we reverse the dismissal and remand the case for a trial de novo.

Long was charged with violating Kansas City ordinances by leaving the scene of an accident and operating a motor vehicle while intoxicated. On May 10, 2006, Long appeared for trial in Kansas City Municipal Court. She pled not guilty to the charges but stipulated to the City's evidence, including the anticipated testimony of the arresting police officer and all witnesses. In the common parlance of municipal court, this practice is known as a "technical not guilty" plea or "TNG." The municipal court found Long guilty on both charges and assessed fines of $250 for leaving the accident scene and $400 for driving while intoxicated.

Long filed a timely application for a trial de novo in the Circuit Court of Jackson County. At a hearing on the application, the circuit court determined no trial had occurred in the municipal court because Long entered a technical not guilty plea on a stipulated record. The circuit court thereupon dismissed the application for trial de novo, concluding that it lacked subject matter jurisdiction under Section 479.200.

In this appeal, Long contends the circuit court incorrectly applied Section 479.200 in determining that it lacked jurisdiction to proceed on the application for trial novo. The City filed a responsive brief but does not dispute the allegations of error. Both parties seek clarification as to whether a municipal court defendant who is convicted upon a stipulated record has been "tried" and is thereby entitled to a trial de novo under Section 479.200. This same issue was raised and fully addressed in the companion of case of *City of Kansas City, Missouri v. Dudley*, 244 S.W.3d 762 (Mo. App., 2008). Based upon our analysis and decision in *Dudley*, we conclude that a trial occurred in municipal court because Long stipulated to the City's evidence and the municipal judge found Long guilty based on the evidence presented. Accordingly, the requirements of Section 479.200 were met, and the circuit court erred in dismissing Long's application for trial de novo.

The judgment of dismissal is reversed, and the cause is remanded to the circuit court for a trial de novo on the ordinance violations.

All concur.