CITY OF KANSAS CITY, Missouri,
Respondent,

v.

Terry DUDLEY, Appellant.

No. WD 67675.

Missouri Court of Appeals,
Western District.

Jan. 22, 2008.

*Order*

Dale W. Meyer, Esq., Kansas City, MO, for Appellant.

Melody L. Cockrell, Esq., Kansas City, MO, for Respondent.

Before NEWTON, P.J., SPINDEN and HARDWICK, JJ.

LISA WHITE HARDWICK, Judge.

Terry Dudley appeals from the circuit court's dismissal of his application for trial de novo on a municipal charge of driving while his license was revoked. The circuit court determined that Dudley was not entitled to a trial de novo under Section 479.200,[1] because he stipulated to the City's record and, therefore, was never "tried" in municipal court. For reasons explained herein, we reverse the dismissal and remand the case for a trial de novo.

## FACTUAL AND PROCEDURAL HISTORY

Dudley was charged with unlawfully operating a motor vehicle while his driving privileges were revoked, a violation of Section 70–131 of the Revised Ordinances of Kansas City, Missouri. On February 15, 2006, Dudley appeared for trial in Kansas City Municipal Court. He pled not guilty to the charge but stipulated to the City's record in the case. In the common parlance of municipal court practice, this is known as a "technical not guilty" plea or "TNG." The municipal court found Dudley guilty and ordered him to pay a $500 fine and serve 180 days in jail.

Dudley filed a timely application for a trial de novo in the Circuit Court of Jackson County. At a hearing on the application, the court questioned whether there had been a trial in municipal court in light of Dudley's stipulation to the City's evidence. The circuit court determined that it lacked subject matter jurisdiction for a trial de novo because Dudley entered a technical not guilty plea on a stipulated record and was never "tried" in municipal court, as required by Section 479.200.

Dudley appeals from the dismissal of his application for trial de novo. He contends the circuit court incorrectly applied Section 479.200 in determining that it lacked jurisdiction to proceed. The City filed a responsive brief but does not dispute the allegations of error. Both parties seek clarification as to whether a municipal court defendant who is convicted upon a stipulated record has been "tried" and is thereby entitled to a trial de novo under Section 479.200.

## STANDARD OF REVIEW

■ This case does not involve any issues of fact. Where, as here, the essential facts necessary to establish subject matter jurisdiction are not in dispute, a pure question of law is presented and our review is de novo. *Ryan ex rel. Estate of Reece v. Reece*, 31 S.W.3d 82, 86 (Mo.App.2000).

1. All statutory references are to Revised Statutes of Missouri (2000) unless otherwise noted.

## ANALYSIS

 Section 479.200 provides that any defendant whose case is "tried" before a municipal judge has the right to a trial de novo in the circuit court.[2] Thus, the jurisdiction of the circuit court to conduct a trial de novo depends upon whether a trial occurred in the municipal court.

Rule 37.62[3] sets forth the procedures for a trial in municipal court. The rule states:

> The order of trial in nonjury ordinance violation cases shall be as follows:
>
> (a) The prosecutor *may* make an opening statement. The defendant *may* make an opening statement or reserve it.
>
> (b) The prosecutor shall offer evidence.
>
> (c) The defendant *may* move for judgment of acquittal.
>
> (d) The defendant *may* make an opening statement, if reserved.
>
> (e) Evidence *may* be offered on behalf of the defendant.
>
> (f) The parties, respectively, *may* offer evidence in rebuttal.
>
> (g) The defendant *may* move for judgment of acquittal.
>
> (h) The court *may* fix the length of time for arguments and shall announce it to counsel. The prosecutor shall make the opening argument, the attorney for defendant shall make an argument, and the prosecutor for the state shall conclude the argument. Each party *may* waive the right to argument.

(i) The judge pronounces judgment.

(emphasis added). Only two of the rule's provisions are mandatory for a proceeding to qualify as a trial: (b) evidence must be offered by the prosecutor, and (i) the municipal judge must pronounce a judgment. In Dudley's case, there is no dispute that the municipal judge pronounced judgment by finding him guilty of driving while revoked. The only question is whether Dudley's stipulation to the City's case file satisfied the requirement that "evidence be offered by the prosecutor."

 In both criminal and civil cases under Missouri law, stipulations of fact are considered evidence. MAI–CR3d 302.02; *In re Marriage of Hendrix*, 183 S.W.3d 582, 591 (Mo. banc 2006). A stipulation of fact promotes judicial economy in that it merely dispenses with proof of matters not in dispute. *Hendrix*, 183 S.W.3d at 591. In the criminal context, our court has routinely recognized that stipulated facts do not constitute a guilty plea. *Scott v. State*, 916 S.W.2d 309, 310 (Mo.App.1995); *State v. Fay*, 939 S.W.2d 20, 23 (Mo.App.1997).

In *Fay*, the trial court accepted the defendant's not guilty plea and stipulation to the record, informing him that in doing so he was submitting to a bench trial and waiving his right to a jury trial. 939 S.W.2d at 21. The court of appeals affirmed that conclusion, holding that a trial by stipulation is not a guilty plea because the defendant has not conceded his guilt and reserves his right to challenge the

---

**2.** The full text of Section 479.200.2 provides: In any case tried before a municipal judge who is licensed to practice law in this state or before an associate circuit judge, except where there has been a plea of guilty or the case has been tried with a jury, the defendant shall have a right of trial de novo before a circuit judge or upon assignment before an associate circuit judge. An application for a trial de novo shall be filed within ten days after judgment and shall be filed in such form and perfected in such manner as provided by supreme court rule.

**3.** All rule citations are to Missouri Rules of Civil Procedure (2007) unless otherwise noted.

sufficiency of the evidence to convict. *Id.* at 23.

The same principle applies here, where Dudley pled not guilty to the charge of driving while revoked and then stipulated to the evidence in the City's case file. The stipulation simply relieved the prosecutor of proving each element of the ordinance violation. The City's case file and the stipulation were presented for the municipal court's determination of whether the evidence was sufficient to support a conviction. The court pronounced the judgment of guilt based on the record presented. This proceeding was the functional equivalent of a municipal court trial under Rule 37.62. It also satisfied the jurisdictional requirement under Section 479.200 that the defendant be "tried" by a municipal judge before invoking the right to a trial de novo in the circuit court.

### CONCLUSION

The circuit court erred in dismissing Dudley's application for trial de novo for lack of subject matter jurisdiction. Dudley was entitled to a trial de novo because a municipal court judge found him guilty of an ordinance violation following a trial. The circuit court's judgment of dismissal is reversed, and the cause is remanded for a trial de novo.

All concur.