**GROUND FREIGHT EXPEDITORS, LLC, Respondent,**

v.

**Judy C. BINDER and Gerard F. Binder, Appellants.**

No. WD 73678.

Missouri Court of Appeals, Western District.

Dec. 27, 2011.

John D. Stasny, Bryan, TX, for appellants.

Anthony S. Paris, Kansas City, MO, for respondent.

Before Division Two: MARK D. PFEIFFER, Presiding Judge, VICTOR C. HOWARD, Judge and CYNTHIA L. MARTIN, Judge.

CYNTHIA L. MARTIN, Judge.

Judy Binder and Gerard Binder (collectively "the Binders") appeal from the circuit court's dismissal of their application for a trial de novo. The Binders contend that the circuit court erroneously dismissed their application for a trial de novo from an associate circuit judge's denial of a motion to set aside a default judgment because there is no other method for review of the associate circuit judge's order. In addition, the Binders argue that the associate circuit judge erred in denying their motion to set aside a default judgment because the default judgment was void for lack of personal jurisdiction. We affirm.

### Factual and Procedural Background

Ground Freight Expeditors, LLC ("Ground Freight") brought a suit on account before an associate circuit judge in Clay County pursuant to Chapter 517 RSMo. Ground Freight sued Astorclub Corporation ("Astorclub")[1] and the Binders for their failure to pay charges for services rendered under an agreement for credit. The agreement provided, in relevant part:

> In consideration of [Ground Freight] extending credit to [Astorclub] and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the undersigned, jointly and severally, agree, personally and in their capacity as representatives of [Astorclub] that all charges shall be satisfied in full in accordance with the terms set forth on the respective invoices.
>
> . . . .
>
> The undersigned knowingly consents to the jurisdiction of and venue in any state

---

1. Judy Binder is the sole stockholder of Astorclub. According to Astorclub's corporate filing with the New York Department of State, Gerard Binder is the chairman or chief executive officer of Astorclub. Astorclub is not a party to this appeal.

or federal Court located in the State of Missouri.

Judy Binder's signature appears on a line labeled "President Signature," beneath which Astorclub is named as the corporate party. Gerard Binder's signature does not appear on the agreement for credit.

The Binders were personally served with a summons and with the Ground Freight petition in New York City. The Binders failed to appear in court in Clay County on April 17, 2008 to answer said petition, though directed to do so, and did not otherwise file an answer to the petition. On April 17, 2008, the associate circuit judge entered a default judgment against Astorclub and the Binders in the principal amount of $15,329.51, plus pre– and post–judgment interest and attorney's fees.

On June 9, 2010, more than two years after entry of the default judgment, the Binders filed a motion to set aside the default judgment of the associate circuit judge.[2] The Binders argued that the default judgment was void because the court lacked personal jurisdiction over the Binders. Following a hearing on July 14, 2010, the associate circuit judge made a docket entry as follows: "Order–Denied Motion to Set Aside Default Judgment is denied. Plaintiff to furnish written Judgment. DTN Filed By: DONALD T. NORRIS." This docket entry was followed by a second docket entry dated July 22, 2010, as follows: "Case Review Scheduled Scheduled For: 27–Aug–2010 9:00 AM; Donald T. NORRIS; Clay FOR RECEIPT OF WRITTEN JUDGMENT." The Notice of Entry, which reflects it was entered pursuant to Supreme Court Rule 74.03, was printed and, by its terms, mailed or other-wise directed to counsel for Ground Freight and the Binders on July 22, 2010. The record on appeal does not reflect whether the "written judgment" requested pursuant to the docket entry was ever furnished to the associate circuit judge by Ground Freight or entered by the associate circuit judge.

On July 26, 2010, the Binders filed an application for trial de novo pursuant to section 512.180 [3] in the circuit court of Clay County, Missouri "for the purpose of seeking review in the Circuit Court of the denial" of the Binders' motion to set aside default judgment. In response, Ground Freight filed a motion to dismiss the trial de novo for lack of subject-matter jurisdiction, arguing that the associate circuit judge's order denying the motion to set aside default judgment did not fall within the category of matters for which trial de novo is authorized pursuant to section 512.180.1. Ground Freight also argued that the Binders' only recourse for review of the denial of the motion to set aside default judgment was to file a direct appeal with this court pursuant to section 512.180.2.

After a hearing, the circuit court judge entered a judgment on January 31, 2011 ("Judgment"). The Judgment noted that upon due consideration of Ground Freight's motion to dismiss for lack of subject-matter jurisdiction, the Binders' motion to set aside the default judgment is denied.

The Binders timely filed a notice of appeal from the circuit court's Judgment. The Binders have not filed a notice of appeal from any order or judgment entered by the associate circuit judge.

---

**2.** The Binders filed the motion subject to a special appearance for the purpose of contesting personal jurisdiction.

**3.** All statutory references are to RSMo 2000 as supplemented unless otherwise indicated.

### Standard of Review

The Judgment purported to dismiss the Binders' application for trial de novo for lack of subject-matter jurisdiction. "Dismissal for lack of subject-matter jurisdiction is proper whenever it appears, by suggestion of the parties or otherwise, that the court is without jurisdiction." *Mo. Soybean Ass'n v. Mo. Clean Water Comm'n*, 102 S.W.3d 10, 22 (Mo. banc 2003). Generally, dismissal for lack of subject-matter jurisdiction is a question of fact that will not be reversed absent an abuse of discretion. *Id.* "However, where, as here, the facts are uncontested, a question as to the subject-matter jurisdiction of a court is purely a question of law, which is reviewed *de novo.*" *Id.*

Though of no practical import to our standard of review, we do note that in light of *Webb ex rel. J.C.W. v. Wyciskalla*, 275 S.W.3d 249 (Mo. banc 2009), the circuit court's reliance on a lack of subject-matter jurisdiction as a basis for its dismissal of the Binders' application for trial de novo is no longer technically accurate. In *Webb*, "the Supreme Court clarified that Missouri courts recognize only two kinds of jurisdiction: subject matter jurisdiction and personal jurisdiction." *State v. Molsbee*, 316 S.W.3d 549, 552 (Mo.App. W.D.2010) (citing *Webb*, 275 S.W.3d at 252). "Subject matter jurisdiction is simply a matter of 'the court's authority to render a judgment in a particular category of case.'" *Id.* (quoting *Webb*, 275 S.W.3d at 253). "Subject-matter jurisdiction in Missouri's circuit courts is governed by state constitution." *Id.* (citing *Webb*, 275 S.W.3d at 253). "'Article V, section 14 sets forth the subject matter jurisdiction of Missouri's circuit courts in plenary terms, providing that 'the circuit court shall have original jurisdiction over all cases and matters, civil and criminal.'" *Id.* (quoting *Webb*, 275 S.W.3d at 253).

Here, the Binders' application for trial de novo was a civil matter and, thus, technically a matter over which the circuit judge had subject-matter jurisdiction. Accordingly, we construe the Judgment pursuant to its import—a determination by the circuit judge that he lacked the statutory authority to consider the Binders' application for trial de novo pursuant to section 512.180. *See, e.g., Weir v. State*, 301 S.W.3d 136, 138 (Mo.App. W.D.2010) (recharacterizing trial court's holding that it lacked subject-matter jurisdiction to grant Rule 29.05 relief as a determination that it lacked the power to grant such relief). "When a statute speaks in jurisdictional terms or can be read in such terms, it is proper to read it as merely setting statutory limits on remedies or elements of claims for relief that courts may grant." *Webb*, 275 S.W.3d at 255. "Thus, while a statute or rule cannot strip the court of subject matter jurisdiction, it may still limit the court's ability to grant a remedy. And, of course, it is this court's obligation to review actions of trial courts for legal error." *State ex rel. Scroggins v. Kellogg*, 311 S.W.3d 293, 297 (Mo.App. W.D.2010) (citing *State ex rel. State v. Parkinson*, 280 S.W.3d 70, 75–76 (Mo. banc 2009)). We thus apply a de novo standard of review to the circuit judge's determination that it lacked the authority to entertain the Binders' application for trial de novo.

### Analysis

The Binders raise two issues on appeal. First, the Binders claim that the circuit judge erred in dismissing their application for trial de novo because section 512.180 gave the circuit judge the authority to review the associate circuit judge's denial of the motion to set aside the default judgment. Second, the Binders argue that the associate circuit judge erred in denying

their motion to set aside the default judgment.

The Binders' second point on appeal is easily disposed. The Binders filed this appeal solely from the Judgment, which the circuit court entered on January 31, 2011. Thus, our inquiry is limited to review of the circuit court's decision to dismiss the application for trial de novo because it lacked the statutory authority to entertain the application. *See, e.g., City of Kansas City v. Dudley*, 244 S.W.3d 762, 765 (Mo.App. W.D.2008) (finding that the circuit erred in dismissing the application for trial de novo for lack of subject-matter jurisdiction and remanding for a trial de novo rather than considering the merits of the underlying dispute). The associate circuit judge's denial of the motion to set aside the default judgment is not before us for review. And it is uncontested that the circuit judge never reached the merits of the motion to set aside the default judgment. Thus, the Binders' second point on appeal is denied. If the Binders desire to seek review of the denial of their motion to set aside the default judgment based on the merits of the motion, they must timely appeal from a final judgment rendering a decision on the merits of the motion.[4]

■ In their first point on appeal, the Binders contest the circuit court's determination that it lacked the authority to entertain their application for trial de novo pursuant to section 512.180. The Binders claim they have no recourse to seek review of the associate circuit judge's denial of their motion to set aside default judgment other than to seek the circuit court's de novo review of the motion. We disagree.

Section 512.180 provides:

1. Any person aggrieved by a judgment in a civil case tried without a jury before an associate circuit judge, other than an associate circuit judge sitting in the probate division or who has been assigned to hear the case on the record under procedures applicable before circuit judges, shall have the right of a trial de novo in all cases tried before municipal court or under the provisions of chapters 482, 534, and 535.[5]

2. In all other contested civil cases tried with or without a jury before an associate circuit judge or on assignment under such procedures applicable before circuit judges or in any misdemeanor case or county ordinance violation case a record shall be kept, and any person aggrieved by a judgment rendered in any such case may have an appeal upon that record to the appropriate appellate court. At the discretion of the judge, but in compliance with the rules of the supreme court, the record may be a stenographic record or one made by the utilization of electronic, magnetic, or mechanical sound or video recording devices.

According to the first subsection of section 512.180, a trial de novo is available in two types of cases: (1) those tried before an

---

4. We recognize that in pleadings filed in connection with Ground Freight's motion to dismiss this appeal, the Binders and Ground Freight dispute whether an appeal from the associate circuit judge's denial of the motion to set aside the default judgment is possible. The parties quarrel as to whether the associate circuit judge's docket entry constituted a final judgment from which an appeal could (and should) have been taken by the Binders. As the only judgment from which the Binders'

appeal has been taken is the judgment entered by the circuit judge on January 31, 2011, the issue about the effect of the associate circuit judge's docket entry is not properly before us, and we decline to address it.

5. Chapters 482, 534, and 535 concern small claims courts, forcible entry and unlawful detainer, and landlord-tenant actions, respectively.

associate circuit judge sitting as a municipal judge; and (2) those tried in the associate circuit court under the provisions of chapters 482, 534, and 535. All other cases tried before an associate circuit judge fall under section 512.180.2, rendering a party aggrieved by a judgment with but one form of recourse—an appeal to the appropriate appellate court.

The associate circuit judge's denial of the motion to set aside the default judgment does not fall within the parameters of section 512.180.1.[6] The motion related to a civil case and was tried (disposed) without a jury. The case was not tried before an associate circuit judge sitting as a municipal judge, however. Moreover, the motion requested that a default judgment entered in a suit on account be set aside and thus did not involve a case tried under the provisions of chapters 482, 534, or 535.[7] By process of express elimination, the Binders' motion to set aside default judgment arose out of another "contested civil case tried with or without a jury before an associate circuit judge." Section 512.180.2. Thus, the Binders' exclusive avenue for seeking redress from a final judgment of the associate circuit judge denying their motion to set aside default judgment was (or is) a direct appeal of that judgment to this court. *See* section 512.180.2.

Because section 512.180 did not give the circuit judge the authority to entertain the Binders' application for trial de novo from the associate circuit judge's denial of their motion to set aside default judgment, the circuit court's Judgment dismissing the application for trial de novo was not erroneous.

## Conclusion

The Judgment entered by the circuit court on January 31, 2011, is affirmed.[8]

All concur.

---

6. Consistent with our discussion in footnote 4, we do not mean to suggest one way or the other that the associate circuit court's docket entry constituted a "judgment" from which an application for trial de novo could have been filed even assuming the docket entry related to a case within the parameters of section 512.080.1.

7. *See* footnote 5.

8. Upon the issuance of our mandate, the effect of this Opinion will be to restore this matter to its procedural posture immediately prior to the Binders' filing of their application for trial de novo. Thereafter, the parties remain free to seek such relief as they deem appropriate from the associate circuit judge, (including the entry of a final judgment on court's denial of the Binders' motion to set aside the default judgment), and to seek appropriate appellate and/or extraordinary relief thereafter. As noted in our earlier footnotes, we are not pre-judging the propriety of the entry of final judgment by the associate circuit judge at this time, as that matter is not properly before us for determination. We do note, however, that all earlier efforts by the Binders to seek "relief" in the form of a remand of the case to the associate circuit judge for entry of a final judgment, or in the form of a writ from this court directing the entry of final judgment by the associate circuit judge, occurred after the Binders filed their application for trial de novo and/or this appeal—and thus at times where the courts from whom relief was sought likely felt constrained to consider the relief requested by the procedural posture of the case.